UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------x

THE MUSIC FORCE LLC, doing business
as THE MUSIC FORCE, also doing
business as FULL FORCE MUSIC, and
HENRY MARX on behalf of themselves
and all those similarly situated,

                Plaintiffs,

      -against-

BET NETWORKS, VIACOM INC. and
JOHN DOES 1-10,

                Defendants.

-------------------------------------------------x

**JURY TRIAL DEMANDED**

ECF  CASE



**CLASS ACTION COMPLAINT**

Plaintiffs The Music Force LLC, doing business as The Music Force, also doing business as Full Force Music, and Henry Marx ("Plaintiffs"), individually and on behalf of all others similarly situated, for their complaint against Black Entertainment Television Networks ("BET") and Defendant Viacom Inc. (collectively "Defendants"), upon knowledge as to themselves and their own acts, and upon information and belief as to all other matters, hereby allege as follows:

**NATURE OF THE ACTION**

1.    This is a copyright class action to recover damages and injunctive relief for the injuries sustained by Plaintiffs and members of the proposed Class they seek to represent resulting from Defendants' continuous and willful violations of the United States Copyright Act 17 U.S.C. §§101, *et seq*. ("Copyright Act") and New York state law.

2.    Plaintiffs own or control exclusive rights in copyrighted sound recordings, musical works ("copyrighted works") and pre-February 15, 1972 sound recordings ("pre-1972 sound recordings") protected under New York State law (collectively "protected works").  Plaintiffs'

primary source of income is derived largely from the sale, distribution and licensing of their protected works.

3.    Defendant BET—an American cable network whose programming consists primarily of urban orientated music videos, movies and television series—has been (without authorization from, or payment to, Plaintiffs) synchronizing, distributing, reproducing and displaying Plaintiffs' and Class members' protected works resulting in substantial revenue for Defendants.

4.    At all relevant times, Defendants were fully aware that in order to lawfully embody Plaintiffs' and Class members' protected works in connection with visual images, the copyright laws of the United States requires them to obtain authorization from owners of the copyrighted works in the form of what is commonly referred to as a "synchronization" (or "sync") license.  A synchronization license allows the licensee to lawfully reproduce a protected work "in connection with" or "in timed relation with" a visual image (*e.g.*, motion picture, video, advertising commercial or television series).

5.    Notwithstanding this knowledge, Defendants—without acquiring the necessary "sync" licenses from Plaintiffs—have willfully disregarded the copyright laws by reproducing and distributing Plaintiffs' protected works by embodying same into numerous of its televisions shows and commercials on BET channels, which are fully owned and operated by Defendant Viacom Inc.  These programs include, without limitation, *BET Impressions, Jazz Visions, Jazz Moods, Lifted,* and *Jazz Channel-Mike's Word* (hereinafter "Shows").

6.    Plaintiffs seek damages incurred as a result of Defendants' willful violations of the Copyright Act and New York State law.  Plaintiffs also seek an order enjoining Defendants' continuous and systematic copyright infringement.

2

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over this action, which arises under the Copyright Act, 17 U.S.C. §101 *et seq*., pursuant to 28 U.S.C. §§1331 and 1338.  T

8.     This Court has independent jurisdiction over the New York state law claims pursuant to §§1132(d)(2) and (d)(6) of the Class Action Fairness Act of 2005 because one or more members of the Class are citizens of a State different from the Defendants and the aggregate amount in controversy exceeds five million dollars, exclusive of interest and costs. This Court also has pendant and ancillary jurisdiction over the New York state law claims.

9.     This Court has personal jurisdiction over Defendants because Defendants reside and may be found in this Judicial District and also because Defendants conduct systematic and continuous business in this Judicial District.

10.     Venue is proper in this District pursuant to 28 U.S.C. §§1391(b), 1391(c) and 1400(a), because Defendants reside in this Judicial District, are subject to personal jurisdiction in this Judicial District and have committed unlawful acts of infringement in this Judicial District.

## THE PARTIES

### Plaintiffs

11.     The Music Force LLC, doing business as Full Force Music, and also doing business as The Music Force, is a Tennessee limited liability company, with its principal place of business in Nashville, Tennessee.  The Music Force LLC is a legal and beneficial owner of an undivided interest in the following original copyrighted musical compositions which have been unlawfully reproduced by Defendants: *Stuck on You* and *The Girl I Dream About*.  Claims for copyright have been filed with the Register of Copyrights, and certificates of registration for said

3

original musical compositions have been issued, bearing, respectively, registration numbers PA 527-882 and PA 827-688.

12.    Plaintiff Henry Marx resides in Los Angeles, California.  Mr. Marx is a legal and beneficial owner of an undivided interest in the copyrighted sound recording *Blue Condition*, which has been unlawfully reproduced by Defendants.  A claim for copyright has been filed with the Register of Copyrights, and a certificate of registration for said sound recording has been issued, bearing the registration number SR 231-855.

**Defendants**

13.    Defendant Viacom Inc. is a Delaware corporation, with its principal place of business in this Judicial District at 1515 Broadway, New York, New York 10036.

14.    Defendant BET Networks is a wholly owned subsidiary of Defendant Viacom Inc, with its principal place of business is in Washington, D.C.  Defendant BET Networks has offices in this Judicial District at 1540 Broadway, New York, New York 10036.

15.    Upon information and belief, Plaintiffs allege that John Does 1-10, directly or indirectly, jointly or severally, willfully undertook, performed and participated in the unlawful acts alleged herein.  Their identity is not known to Plaintiffs at this time.

**CLASS ALLEGATIONS**

16.    Plaintiffs bring this action on behalf of themselves, and all other similarly situated, pursuant to Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the following Class:

> All persons or entities who own (i) a copyrighted musical composition or a portion thereof, (ii) a copyrighted sound recording or a portion thereof, or (iii) a pre-1972 sound recording or a portion thereof, which was embodied in one or more of Defendants' Shows without license or authorization permitting synchronization.

4

Excluded from the class are Defendants, Defendants' subsidiaries and affiliates, any person or entity who is a partner, officer, director, employee, or controlling person of Defendants, any entity in which Defendants have a controlling interest, the legal representatives, heirs, successors and assigns of any excluded party, and each record company and/or music publishing company presently affiliated with any of the following entities: Sony BMG Music Entertainment, Universal Recordings, Inc., EMI Music North America, and Warner Music Group.

17.    The Class is so numerous that joinder of all members is impracticable. Due to the nature of commerce involved, the members of the Class are geographically dispersed throughout the United States. While the exact number of Class members is in the sole possession, custody, and control of Defendants, Plaintiffs believe that there are hundreds or perhaps thousands or more members of the Class.

18.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

      a.  whether Defendants' continuous and systematic reproduction and distribution of Plaintiffs' and the Class's copyrighted works constitutes violations of the Copyright Act;

      b.  whether Defendants acted willfully with respect to the acts complained of herein and with respect to the rights of Plaintiffs and the Class;

      c.  whether Plaintiffs and the Class are entitled to damages and/or injunctive relief, as requested herein;

      d.  whether Defendants' conduct with respect to pre-1972 sound recordings constitutes violations of New York state laws;

      e.  whether Defendants' conduct caused injury to the business or property of Plaintiffs and the members of the Class;

      f.  the appropriate measure of the amount of damages suffered by the Class; and

      g.  the appropriate nature of class-wide equitable relief.

19.   Plaintiffs' claims are typical of the claims of the other members of the Class they seek to represent.  Defendants' illegal practices have targeted and affected all members of the Class in a similar manner, *i.e.*, they have all sustained damages arising out of Defendants' willful conduct in violation of the Copyright Act.

20.   Plaintiffs will fully and adequately protect the interests of all members of the Class. Plaintiffs have retained counsel experienced in both complex class action and copyright infringement litigation.  Plaintiffs have no interests which are adverse to or in conflict with other members of the Class.

21.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all class members is impracticable.   The prosecution of separate actions by individual members of the Class would impose heavy burdens upon the courts, and would create a risk of inconsistent or varying adjudications of the questions of law and fact common to the Class.   A class action, on the other hand, would achieve substantial economies of time, effort, and expense, and would assure uniformity of decision with respect to persons similarly situated without sacrificing procedural fairness or bringing about other undesirable results.

22.   The interest of members of the Class in individually controlling the prosecution of separate actions is theoretical rather than practical. The Class has a high degree of cohesion, and prosecution of the action through representatives would be unobjectionable.   The damages suffered by the individual Class members may be relatively small; and therefore, the expense and burden of individual litigation make it virtually impossible for them to redress the wrongs done to them.  Plaintiffs anticipate no difficulty in the management of this action as a class action.

## COUNT I

### (Direct Copyright Infringement - 17 U.S.C. §106(1), §106(3) and §106(5))

23.    Plaintiffs re-allege and incorporate by reference all of the allegations of this Complaint with the same force and affect as if fully restated herein.

24.    Defendants have reproduced, distributed and displayed—and continue to reproduce, distribute and display—Plaintiffs' copyrighted works, without authorization and without Plaintiffs' permission or consent, by embodying same into numerous Shows, which are produced, distributed, and aired by Defendants.

25.    Defendants' conduct infringes both on Plaintiffs' copyrighted musical compositions and copyrighted sound recordings, and hence their exclusive rights under the Copyright Act in violation of 17 U.S.C. §106(1), §106(3) and §106(5).

26.    Defendants' acts of infringement are willful, intentional and purposeful, in violation of Plaintiffs' exclusive rights.

27.    Defendants, at Plaintiffs' and Class members' expense, have realized substantial profits as a result of their unlawful acts.

28.    Defendants' infringement of Plaintiffs' rights each constitute a separate and distinct act of infringement, separately actionable under the Copyright Act.

29.    Pursuant to 17 U.S.C. §504(c), Plaintiffs are entitled to the maximum statutory damages in the amount of $150,000 for each work infringed.  Alternatively, at Plaintiffs' election and pursuant to 17 U.S.C. §504(b), Plaintiffs are entitled to their actual damages, including Defendants' profits from infringement, as will be proven at trial.

30.    Plaintiffs are entitled to their costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. §505.

31.    Defendants' conduct is causing, and unless enjoined by this Court, will continue to cause Plaintiffs irreparable injury that cannot be fully compensated or measured in money. Plaintiffs have no adequate remedy at law.  Pursuant to 17 U.S.C. §502, Plaintiffs are entitled to a permanent injunction prohibiting infringement of Plaintiffs' copyrighted works and exclusive rights under the Copyright Act.

<u>**COUNT II**</u>

**(Common Law Copyright Infringement of Pre-1972 Sound Recordings)**

32.    Plaintiffs re-allege and incorporate by reference all of the allegations of this Complaint with the same force and affect as if fully restated herein.

33.    Plaintiffs' pre-1972 sound recordings are subject to common-law copyright protection under the laws of the state of New York.  As the owners of valid common-law copyrights in the pre-1972 sound recordings, Plaintiffs possess the exclusive rights to manufacture, copy, sell, distribute, and otherwise exploit their pre-1972 recordings.

34.    Defendants' unauthorized synchronization, distribution and reproduction of unauthorized copies of Plaintiffs' pre-1972 sound recordings constitutes an infringement of Plaintiffs' common-law copyright rights of their pre-1972 sound recordings.

35.    As a direct and proximate result of Defendants' wanton and reckless copyright infringement, Plaintiffs are entitled to compensatory damages in such amounts as will be proven at trial, as well as punitive damages.

36.    Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiffs irreparable injury that cannot be fully compensated or measured in money damages.  Plaintiffs have no adequate remedy at law and are entitled to injunctive relief prohibiting Defendants from further violating Plaintiffs' rights in the pre-1972 sound recordings.

## COUNT III

### (Unfair Competition as to Pre-1972 Sound Recordings)

37.    Plaintiffs re-allege and incorporate by reference all of the allegations of this Complaint with the same force and affect as if fully restated herein.

38.    Plaintiffs possess exclusive ownership interests in and to the pre-1972 sound recordings, and are engaged in the business of reproducing, selling and distributing the pre-1972 sound recordings, both in the form of tangible CDs, vinyl records and cassettes, and also digitally, over the Internet.

39.    Through the conduct described above, Defendants are violating Plaintiffs' rights in the pre-1972 sound recordings and are therefore guilty of unfair competition under the common law of the state of New York.  By synchronizing, distributing, reproducing and otherwise commercially exploiting unauthorized copies of the pre-1972 sound recordings and otherwise taking advantage of and undermining Plaintiffs' substantial creative and financial investment in the pre-1972 sound recordings, Defendants are willfully, wantonly and unfairly appropriating Plaintiffs' rights to the pre-1972 sound recordings for their own commercial benefit.

## DEMAND FOR JURY

40.    Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiffs respectfully demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants and for the following relief:

A.  A declaration that Defendants have willfully infringed Plaintiffs' copyrighted works in violation of the Copyright Act;

9

B.  A permanent injunction requiring Defendants and Defendants' agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any one of them, to cease directly and indirectly infringing, and causing, enabling, facilitation, encouraging, promoting, inducing, and/or participating in the infringement of any of Plaintiffs' rights protected by the Copyright Act;

C.  For statutory damages pursuant to 17 U.S.C. §504(c), in the amount of $150,000 multiplied by each copyrighted sound recording and also for each copyrighted musical composition infringed, or in such other amounts as may determined at trial, or, at Plaintiffs' election, pursuant to 17 U.S.C. §504(b), their actual damages, including Defendants' profits from infringement, as will be proven at trial;

D.  A declaration that Defendants are willfully infringing Plaintiffs' pre-1972 sound recordings violation of New York state law;

E.  Awarding Plaintiffs their attorneys' fees and full costs, pursuant to 17 U.S.C. §505;

F.  For actual, punitive and exemplarily damages on the common law claims;

G.  For prejudgment interest according to law; and

H.  For such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
        January 14, 2009

LOVELL STEWART HALEBIAN LLP

Christopher Lovell (CL 2595)
Christopher M. McGrath (CM 4983)
500 Fifth Avenue, 58th Floor
New York, New York 10110
Telephone: (212) 608-1900
Facsimile:  (212) 719-4677

Jeffrey L. Graubart (JG 1338)
LAW OFFICES OF JEFFREY L. GRAUBART, P.C.
350 West Colorado Boulevard, Suite 200
Pasadena, California 91105-1855
Telephone: (626) 304-2800
Facsimile: (626) 304-2807