UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE MUSIC FORCE LLC, doing business as
THE MUSIC FORCE, also doing business as
FULL FORCE MUSIC, and HENRY MARX
on behalf of themselves and all those similarly
situated,

Plaintiffs,

-against-

BLACK ENTERTAINMENT TELEVISION
LLC, VIACOM INC. and JOHN DOES 1-10,

Defendants.

Case No. 09-CV-00376 (GBD)
**ECF CASE**

**STIPULATION OF SETTLEMENT**

## STIPULATION AND AGREEMENT OF SETTLEMENT

Subject to the Court's approval, the Parties have reached an agreement (the "Stipulation")
providing for the settlement of the above-captioned action (the "Action"). (Unless otherwise
stated, capitalized terms are defined in Section IV herein.) This Stipulation is made and entered
into by and among Plaintiffs, for themselves and on behalf of the Classes, and Defendants, by
and through the Parties' counsel of record, and is intended to fully and forever extinguish the
Released Claims in exchange for the settlement payment and upon and subject to the terms and
conditions hereof.

## I.    THE ACTION

Plaintiffs The Music Force LLC, doing business as The Music Force, also doing business
as Full Force Music, and Henry Marx commenced this action on January 14, 2009, alleging that
they are owners of certain musical compositions or sound recordings that were embodied without
authorization in television shows produced, distributed, and/or aired by one of the networks
owned and controlled by Defendant Black Entertainment Television LLC ("BET LLC"),

including, without limitation, *BET Impressions, Jazz Visions, Jazz Moods, Lifted, and Jazz Channel-Mike's Word*.  BET LLC is a subsidiary of Defendant Viacom Inc.  Plaintiffs asserted claims for copyright infringement for themselves individually and on behalf of classes of owners of musical compositions and sound recordings, or portions thereof, that were embodied in the television shows.  On March 26, 2009, Defendants answered the First Amended Complaint, denying any liability and asserting affirmative defenses.

Shortly after the original Complaint was filed in January 2009, the Parties commenced settlement discussions.  Since that time, the Parties have exchanged information, investigated facts, agreed to limited document production, engaged in arm's-length negotiations regarding the value and terms and conditions of a class settlement, and participated in a mediation before Retired Judge Daniel Weinstein.  The Parties' settlement negotiations and the mediation before Judge Weinstein culminated in the execution of this Stipulation providing for a class settlement of all claims that have been or could be asserted by Plaintiffs, for themselves or on behalf of the Classes, with respect to the use of musical compositions and sound recordings in connection with any television series, episode, program, music video, performance, advertisement, promotion, commercial, or other exploitation in any manner in any medium anywhere whether now known or hereafter devised by or under the authority of BET LLC.

## II.   CLAIMS OF PLAINTIFFS AND BENEFITS OF SETTLEMENT

After pursuing the Action for more than a year and a half and discovering the factual and legal issues involved, Plaintiffs recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and appeals, which could substantially delay any recovery that might be obtained.  Plaintiffs also have taken into account the potentially meritorious defenses asserted by Defendants and the problems of

proof in the Action, including the risk that protracted and costly proceedings would lead to no recovery at all for Class Members. Based on their thorough evaluation, Plaintiffs and Plaintiffs' Class Counsel believe that the settlement set forth in this Stipulation is just and proper and is in the best interests of Plaintiffs and the Classes.

## III.    **DEFENDANTS' DENIALS OF LIABILITY**

There has been no adverse determination by any court against any Defendant on the merits of the claims asserted by Plaintiffs, and Defendants have denied any liability against them arising out of any of the conduct, statements, acts, or omissions alleged in the Action. Nonetheless, Defendants have concluded that further litigation of the Action would be protracted, expensive and disruptive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.

## IV.    **TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs, for themselves and on behalf of the Class Members, and Defendants as follows:

**1.**    **Definitions**

As used in this Stipulation and the related Exhibits attached hereto, the following terms shall have the meanings set forth below:

1.1.    "Classes" or "Class Members" refers to the Musical Composition Class and the Sound Recording Class together.

(a)    "Musical Composition Class" or "Musical Composition Class Members" means all Persons who are current Legal Owners of a musical composition or portion thereof that, without license or authorization, was copied, reproduced, synchronized, displayed, performed, broadcast, telecast, cablecast, syndicated, exhibited, transmitted, disseminated,

distributed or otherwise used in connection with or as part of any television series, episode, program, music video, performance, advertisement, promotion, commercial, or other exploitation in any manner in any medium anywhere between January 14, 2003, and the date of entry of the Notice Order, whether now known or hereafter devised by or under the authority of BET LLC.

(b)     The Musical Composition Class shall also include any Persons who currently hold any monetary or royalty interest that derives from an Excluded Person's (defined below) interest as Legal Owner of a musical composition, or portion thereof, referenced in subparagraph (a) above.

(c)     "Sound Recording Class" or "Sound Recording Class Members" means all Persons who are current Legal Owners of a sound recording or portion thereof that, without license or authorization, was copied, reproduced, synchronized, displayed, performed, broadcast, telecast, cablecast, syndicated, exhibited, transmitted, disseminated, distributed or otherwise used in connection with or as part of any television series, episode, program, music video, performance, advertisement, promotion, commercial, or other exploitation in any manner in any medium anywhere between January 14, 2003, and the date of entry the Notice Order whether now known or hereafter devised by or under the authority of BET LLC.

(d)     Excluded from the Musical Composition and Sound Recording Classes are solely (i) any Persons to the extent their claims as alleged in the Action have already been released and discharged; (ii) any Persons to the extent they submit a timely and valid request to be excluded from the Classes ("Request for Exclusion"); (iii) Defendants, any affiliated or related company or entity, and any entity in which a Defendant or any affiliated or related entity has a controlling interest; and (iv) each of the major record companies (Sony BMG Music Entertainment; Universal Music Group; EMI Music; Warner Music Group) and major music

publishers (Sony/ATV Music Publishing; BMG Music Publishing; Universal Music Publishing; EMI Music Publishing; Warner/Chappell Music, Inc.) (collectively, "Excluded Persons").

1.2.    "Class Period" shall mean January 14, 2003 through the date of entry of the Notice Order.

1.3.    "Class Representatives" refers to (a) The Music Force LLC, doing business as The Music Force, also doing business as Full Force Music and (b) Henry Marx.

1.4.    "Complaint" means the original complaint filed by Plaintiffs in this Action on January 14, 2009.

1.5.    "Court" means the United States District Court for the Southern District of New York.

1.6.    "Defendants" refers to (a) Black Entertainment Television LLC and (b) Viacom Inc.

1.7.    "Defendants' Counsel" refers to Richard B. Kendall, Kendall Brill & Klieger LLP, 10100 Santa Monica Blvd., Suite 1725, Los Angeles, CA 90067, Telephone:  (310) 556-2700, Facsimile: (310) 556-2705 and G. Robert Gage, Jr., Gage, Spencer & Fleming, LLP, 410 Park Avenue, New York, NY 10022, Telephone: (212) 768-4900, Facsimile: (212) 769-3629.

1.8.    "Effective Date" means the date that this Stipulation becomes effective, which shall be the first date by which all of the events and conditions specified in paragraph 7.1 of the Stipulation have been met and have occurred.

1.9.    "Final" means the first date by which all of the following have occurred: (a) all appellate rights with respect to the Judgment in this Action have expired or been

exhausted in such a manner as to affirm the Judgment and (b) the Action has been dismissed with prejudice.

1.10.   "First Amended Complaint" means the amended complaint filed by Plaintiffs in this action on February 5, 2009.

1.11.   "Funding Date" refers to the date that Defendants transfer or cause to be transferred $2,750,000 to the Settlement Fund.  Such transfer shall occur no later than forty-five (45) days after the Court's order requiring that Notice be sent to Class members.

1.12.   "Judgment" means the judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit D.

1.13.   "Legal Owner," as used herein in reference to a musical composition or sound recording means (a) the legal owner of a copyright in the musical composition or sound recording, or portion thereof; (b) any exclusive licensee(s) of any right pursuant to such copyright to (and/or to authorize others to) copy, reproduce, synchronize, display, perform, broadcast, telecast, cablecast, syndicate, exhibit, transmit, disseminate, distribute or otherwise use the musical composition or sound recording, or portion thereof, as part of a television series, episode, program, music video, performance, advertisement, promotion, commercial, or other exploitation in any manner in any medium anywhere whether now known or hereafter devised, provided that such exclusive licensee was granted the power to sue for the infringement of its rights under the license; or (c) any other holder of a past or present cause of action that may exist for the infringement of the copyright, or the rights therein, described in (a) and (b) above.

1.14.   "Musical Composition" means any musical composition, or portion thereof, referenced in paragraph 1.1(a) hereof.

1.15.   "Parties" refers individually and collectively to Plaintiffs, for themselves and on behalf of the Class Members, and Defendants.

1.16.   "Parties' Counsel" refers to Plaintiffs' Class Counsel and Defendants' Counsel.

1.17.   "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, retirement plan, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity and their spouses, heirs, predecessors, successors, representatives or assignees.

1.18.   "Plaintiffs" refers to (a) The Music Force LLC, doing business as The Music Force, also doing business as Full Force Music and (b) Henry Marx.

1.19.   "Plaintiffs' Class Counsel" or "Class Counsel" refers to Jeffrey L. Graubart, Law Offices of Jeffrey L. Graubart, P.C., 350 West Colorado Boulevard, Suite 200, Pasadena, California 91105, Telephone: (626) 304-2800, Facsimile: (626) 304-2807; Christopher Lovell, Lovell Stewart Halebian Jacobson LLP, 61 Broadway, Suite 501, New York, New York, 10006, Telephone: (212) 608-1900, Facsimile: (212) 719-4775; and Joshua G. Graubart, Law Offices of Joshua Graubart, P.C., 237 E. 28th Street, Suite 1D, New York, New York 10016, Telephone: (646) 781-9321, Facsimile: (646) 224-8088.

1.20.   "Released Claims" refers to all claims, causes of action, or liabilities, including, but not limited to, claims for infringement, misappropriation, breach of contract, unfair business practices, or violations of any state or federal statutes, rules, or regulations, and any Unknown Claims as defined in paragraph 1.25 below, that have been, could have been, or could be asserted by the Class Representatives or the Class Members against Defendants and the

other Released Persons arising from or with respect to the copying, reproduction, synchronization, display, performance, broadcast, telecast, cablecast, syndication, exhibition, transmission, dissemination, distribution or other use, in any medium anywhere and at any time from January 14, 2003, through the later of the date of entry of the final judgment and the thirtieth (30th) day after the deadline for submitting a completed "Proof of Claim Form," of any musical composition or sound recording, or portion thereof, in connection with or as part of any television series, episode, program, music video, performance, advertisement, promotion, commercial, or other exploitation in any manner in any medium anywhere whether now known or hereafter devised by or under the authority of BET LLC.

   1.21. "Released Persons" includes without limitation Defendants and their past or present directors, officers, employees, licensees, distributors, controlling shareholders, members, principals, agents, representatives, attorneys, accountants, auditors, insurers, predecessors, successors, assigns, parents, subsidiaries, affiliates and related entities (and the representatives of such affiliates or related entities), and any other Persons and entities involved in any way in the copying, reproduction, synchronization, display, broadcast, telecast, cablecast, syndication, exhibition, transmission, dissemination, distribution or other use, in any medium anywhere and at any time from January 14, 2003, through the later of the date of entry of the final judgment and the thirtieth (30th) day after the deadline for submitting a completed "Proof of Claim Form," of any musical composition or sound recording, or portion thereof, in connection with or as part of any television series, episode, program, music video, performance, advertisement, promotion, commercial, or other exploitation in any manner in any medium anywhere whether now known or hereafter devised by or under the authority of BET LLC.

8

1.22.   "Settlement Administrator" refers to the entity selected by mutual agreement of the Parties and approved by the Court that will be responsible for administering the class notice and for the review and processing of claims.  The Settlement Administrator shall be The Garden City Group, Inc.

1.23.   "Settlement Costs" refer to (a) the fees and costs of Plaintiffs' Class Counsel (the "Class Counsel Fee and Expense Award"), (b) any incentive payments awarded to the Plaintiffs that have brought this Action ("Plaintiff Incentive Award"), and (c) the fees and costs of the Settlement Administrator and of any other third party retained by mutual agreement of the Parties with Court approval to assist in administering, implementing and providing notice of the settlement to Class Members ("Administrative Expenses").

1.24.   "Settlement Fund" means a fund consisting of Defendants' payment of $2,750,000.00, plus such interest as may accrue after the Funding Date, less disbursements.  The Settlement Fund shall be placed in an account or separate accounts with a national bank or financial institution acceptable to the Parties.  Inasmuch as it would be in the best interests of the Class Members to be able to maximize the proceeds from, and minimize the risk to, the Settlement Fund, the Settlement Administrator shall invest the Settlement Fund, or a portion thereof, as directed by the Parties, until payment thereof to Class Members and Class Counsel, in 30-day or longer term Treasury securities, as directed by the Parties.

1.25.   "Sound Recording" means any sound recording, or portion thereof, referenced in paragraph 1.1(c) hereof.

1.26.   "Unknown Claims" means any Released Claims that any Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons that, if known by him, her or it, might have affected his, her or its decision

whether to object to this settlement.  With respect to any and all Released Claims, the Parties

stipulate and agree that, upon the Effective Date, each of the Plaintiffs and Class Members shall

be deemed to have, and by operation of the Judgment shall have, waived and relinquished, to the

fullest extent permitted by law, the provisions, rights, and benefits of section 1542 of the

California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
> TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING
> THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE
> MATERIALLY AFFECTED HIS SETTLEMENT WITH THE
> DEBTOR.

Each of the Plaintiffs and Class Members, upon the Effective Date, shall be deemed to have, and

by operation of the Judgment shall have, waived any and all provisions, rights and benefits

conferred by any law of any state or territory of the United States, federal law, or principle of

common law, that is similar, comparable or equivalent to section 1542 of the California Civil

Code.  Each of the Plaintiffs and Class Members may hereafter discover facts in addition to or

different from those which he, she or it now knows or believes to be true with respect to the

subject matter of the Released Claims, but each of the Plaintiffs and each Class Member, upon

the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully,

finally, and forever settled and released any and all Released Claims, known or unknown,

suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden,

which now exist, or heretofore have existed upon any theory of law or equity now existing or

coming into existence in the future, including, but not limited to, conduct that is infringing,

misappropriating, fraudulent, negligent, intentional, with or without malice, or a breach of any

duty, law or rule, without regard to the subsequent discovery or existence of such different or

additional facts.  The Parties acknowledge that the foregoing waiver was bargained for and is a key element of the settlement of which this release is a part.

1.27.   The plural of any defined term or any other term in this Stipulation includes the singular, and the singular of any defined term includes the plural, as the case may be.

## 2.    Notice Plan, Notice Order, And Court Hearings

2.1.   The Parties' Counsel shall submit the Stipulation together with its Exhibits to the Court and shall seek entry of an order (the "Notice Order"), substantially in the form of Exhibit A hereto, requesting, *inter alia*, preliminary approval of the settlement set forth in the Stipulation, provisional certification of the Classes and approval of the mailing of the Notice of Proposed Settlement of Class Action, substantially in the form of Exhibit B hereto (the "Notice"), and the publication of the Summary Notice for Publication, substantially in the form of Exhibit C hereto (the "Summary Notice"), both of which shall include the general terms of the settlement set forth in the Stipulation and the date of the "Final Settlement and Class Certification Hearing," at which the Parties' Counsel shall request that the Court certify the Classes and approve the settlement of the Action as set forth herein.

2.2.   Class Counsel and Defendants' Counsel, with the assistance of the Settlement Administrator, shall cause Notice to be provided to the Classes in accordance with the Notice Order.  Before the Final Settlement and Class Certification Hearing, Class Counsel and Defendants' Counsel shall file with the Court a joint declaration attesting to the provision of Notice in compliance with the Notice Order.

2.3.   Notice by mail, with first class postage prepaid, shall be provided by the Settlement Administrator to all Persons known or reasonably believed to be Members of the

Musical Composition and Sound Recording Classes whose names and addresses can be obtained by the Parties through reasonable efforts.  To effectuate such Notice, the Settlement Administrator shall seek to compile the names and addresses of Members of the Musical Composition Class from (a) information, including a song list, provided to the Settlement Administrator by BET LLC and (b) information that may reasonably be obtained from other sources that may be identified.  The Settlement Administrator shall seek to compile the names and addresses of Members of the Sound Recording Class from (a) information, including a song list, provided to the Settlement Administrator by BET LLC; and (b) information that may reasonably be obtained from such other sources that may be identified.  In addition, Defendants shall coordinate with the Settlement Administrator to compile the names and addresses of Class Members who currently hold any monetary or royalty interest that derives from an Excluded Person's interest as Legal Owner of a Musical Composition.

2.4.     Notice by publication shall be provided by placing the Summary Notice in selected trade or industry publications for record labels, music publishers, performing artists, songwriters and composers—specifically, in Billboard; Variety; Daily Variety; and Music Week. The Summary Notice shall be published once in each of the above-named publications on such dates as the Parties' Counsel shall agree.

2.5.     The Summary Notice and the mailed Notice shall state that any objections ("Objections") to the Classes and/or settlement proposed by the Stipulation and to entry of the Judgment certifying the Classes and/or approving the settlement, and any papers submitted in support of said Objections, shall be considered by the Court at the Final Settlement and Class Certification Hearing only if, on or before the date specified in the Summary Notice and mailed Notice, Persons making Objections shall file and serve written objections (setting forth each

Objection and the factual and legal basis therefor) and copies of any papers in support of their position as set forth in the Summary Notice and mailed Notice.  The Summary Notice and mailed Notice shall state that Persons who fail timely to file and serve written notices of Objection in the manner specified shall be deemed to have waived the right to object, including the right to appeal and to make any such objections in any other action or proceeding.

2.6.    The Summary Notice and mailed Notice shall state that anyone who wishes to be excluded from the Classes must submit a written Request for Exclusion.  The Summary Notice and mailed Notice shall state that anyone who falls within the Classes and does not submit a Request for Exclusion in complete accordance with the deadlines and other specifications set forth in the Summary Notice and mailed Notice shall become a Class Member and be bound by all orders, judgments or settlements entered or approved by the Court pertaining to Class Members.

2.7.    The Summary Notice and mailed Notice shall set forth the deadline for submitting a completed "Proof of Claim Form" or the substantial equivalent, and shall state that no Class Member may participate in the settlement recovery unless the Class Member timely submits a properly completed Proof of Claim Form, which shall be substantially in the form of Exhibit E hereto and signed under penalty of perjury.

2.8.    The Summary Notice and mailed Notice shall provide the Internet address for a website that sets forth (a) identifying information regarding the Musical Compositions and Sound Recordings, (b) the Notice by mail, (c) the Proof of Claim Form, and (d) any other settlement-related information authorized by the Parties' Counsel.

2.9.    The mailed Notice shall set forth the process for approving and disapproving claims and allocating the Settlement Fund.  The mailed Notice also shall include a Proof of Claim Form.

2.10.    The Parties' Counsel may agree to reasonable modifications to the plan for providing the Notice or Summary Notice to the Classes.

**3.    Claims Administration**

3.1.    The Settlement Administrator shall be responsible for preparing the Notice, compiling the names and addresses of Persons to receive Notice by mail, and placing the Summary Notice in the designated publications.  The Settlement Administrator shall create and maintain an Internet web site to display the Notice, identifying information regarding the Musical Compositions and Sound Recordings, the Proof of Claim Form, and any other settlement-related information that is authorized by the Parties' Counsel.  The Settlement Administrator shall also review and process claims, administer payments from the Settlement Fund, and regularly report on the Settlement Administrator's activities to the Parties' Counsel.

3.2.    The Settlement Administrator shall be responsible for obtaining a U.S. Post Office Box for the purpose of receiving Requests for Exclusion, Objections, and Proof of Claim Forms.  The Settlement Administrator shall deliver complete copies of any Requests for Exclusion or Objections to Counsel for the Parties within five calendar days after receipt of a request by Defendants' Counsel or Plaintiffs' Class Counsel for such information.  The Settlement Administrator shall file all timely and valid Objections with the Clerk of the Court no later than 20 calendar days before the Final Settlement and Class Certification Hearing.  Should any of the Parties receive any of the foregoing materials directly from Class Members, they shall

promptly transmit those materials to the Settlement Administrator for appropriate action in accordance with the provisions of this paragraph.

3.3.     The Settlement Administrator shall be under the joint control of Plaintiffs' Class Counsel and Defendants' Counsel, all of whom shall have the right to inspect submitted Proof of Claim Forms and the Settlement Administrator's other records in this matter at any reasonable time or times.  The Settlement Administrator shall be entitled to reimbursement of its reasonable fees and costs from the Settlement Fund subject to Court approval.

3.4.     In processing claims, the Settlement Administrator shall rely on the timely and properly completed Proof of Claim Forms.  Absent authorization from the Parties' Counsel, the Settlement Administrator shall not investigate any claims, seek additional information from claimants, or consider information beyond that provided in the Proof of Claim Form.

3.5.     In order for a claim to be allowed, the Settlement Administrator must determine from the information made available that:  (a) the claimant did not timely submit a valid Request for Exclusion; (b) the claimant timely submitted a properly completed Proof of Claim Form; and (c) the claim is valid.  The Settlement Administrator's determinations regarding the allowance of claims shall be made in a just, speedy and efficient manner.  Claims may be disallowed upon a finding that there is no reasonable likelihood that the claim is valid.  The Settlement Administrator's determinations shall be final and binding.

3.6.     If two or more Persons submit competing and inconsistent claims to the settlement recovery and the Settlement Administrator cannot reasonably determine which claim should prevail over the other, Class Counsel and Defendants' Counsel shall attempt to resolve such differences with the competing claimants informally.  Absent a resolution through such means, the dispute shall be submitted to final and binding arbitration before an arbitrator to be

appointed by the Court.  The arbitration shall be conducted in such a manner as to afford all claimants involved a reasonable opportunity to be heard and as to reach a decision swiftly and inexpensively.  Claimants will promptly receive written notice of the arbitrator's decision, which will have no preclusive or *res judicata* effect in any other proceeding.  The arbitrator's fees and costs shall be borne by the claimants on such terms as the Court shall prescribe.

      3.7.    Each Person whose claim with respect to a Musical Composition or Sound Recording has been allowed shall be entitled to a settlement payment in the amount of that Person's share of the settlement recovery allocable to that Musical Composition or Sound Recording.  Said share shall be determined based on the Person's interest as Legal Owner of the Musical Composition or Sound Recording or as holder of any monetary or royalty interest that derives from an Excluded Person's interest as Legal Owner of the Musical Composition.  If appropriate, a Person's share of a Musical Composition or Sound Recording shall be determined based on the Person's interest in the specific rights therein that are the subject of Plaintiffs' claims in this Action.

      3.8.    The settlement payment to each Person whose claim has been allowed shall be made by check drawn on the Settlement Fund.  Endorsing the settlement check and depositing it for payment shall constitute an attestation under penalty of perjury under U.S. law to comply with any contractual or other legal obligations to pay royalties owing as a result of the settlement recovery.  Payment of claims shall commence as soon as reasonably practicable after the Judgment in this Action becomes Final.

      3.9.    The Settlement Administrator shall furnish the Parties' Counsel with periodic reports on its activities and such other reports as any Party's Counsel may reasonably request, and shall maintain records of its activities.

4.        **Settlement Consideration**

a.        **The Settlement Fund**

4.1.      Defendants agree to establish the Settlement Fund on the Funding Date on the terms set forth in paragraphs 1.11 and 1.24.  Before the Settlement Fund is established, Defendants shall pay any Administrative Expenses that become due and payable and to which the Parties have mutually agreed.  Such payments of Administrative Expenses shall be credited against Defendants' obligation to create the Settlement Fund.  If the Stipulation is terminated, canceled or withdrawn, Defendants shall bear the Administrative Expenses; however, in the event another class settlement is reached in this Action, Defendants may recoup the Administrative Expenses incurred under this Stipulation from the future settlement, to the extent such future settlement has benefited thereby.

b.        **Disbursements From The Settlement Fund**

4.2.      Subject to the provisions in this section, the Settlement Fund shall be administered jointly by the Parties, and no disbursements may be made from the Fund unless the Parties have mutually agreed to the disbursements or the Court has approved them.

4.3.      Within five business days after the Judgment in this Action becomes Final, the Class Counsel Fee and Expense Award approved by the Court shall be paid from the Settlement Fund to Class Counsel, and any Plaintiff Incentive Award approved by the Court shall be paid from the Settlement Fund to Class Counsel on behalf of the benefiting Persons. Class Counsel shall submit an application for a Class Counsel Fee and Expense Award consisting of up to one-third (or 33.33%) of the Settlement Fund, net any reversion to be paid to Defendants, in addition to reimbursement of all of Class Counsel's expenses and costs, and Plaintiffs shall seek a Plaintiff Incentive Award of $12,500.00 per Plaintiff.  Such Awards for

Class Counsel and Plaintiffs shall include interest earned on said sums at the same rate and for the same periods as earned by the Settlement Fund.  Defendants reserve their position with respect to Class Counsel's request for a Class Counsel Fee and Expense Award of up to one-third (or 33.33%) of the Settlement Fund.

4.4.   Once the Class Counsel Fee and Expense Award is paid and a reasonable reserve is deducted by the Settlement Administrator to cover any anticipated remaining Administrative Expenses, the remainder of the Settlement Fund shall be allocated pro rata to the "Musical Composition Class Settlement Fund" and the "Sound Recording Class Settlement Fund" based on the total allowed Musical Composition claims and the total allowed Sound Recording claims, respectively.  For example, if the total allowed Musical Composition claims represent 500 Musical Compositions and the total allowed Sound Recording claims represent 200 Sound Recordings, the Settlement Fund shall be allocated 5/7 to the Musical Composition Class Settlement Fund and 2/7 to the Sound Recording Class Settlement Fund.  For purposes of computing the number of Sound Recordings to be used in making this calculation, where the Sound Recordings for two or more cues of the same Musical Composition have not been specifically identified, all the Sound Recordings for those cues shall be treated as a single Sound Recording, unless it is determined that all the possible Sound Recordings for those cues have already been specifically identified as Sound Recordings for other cues, in which case no account shall be made for an additional Sound Recording.  For example, if there were allowed claims for two different sound recording versions of a single Musical Composition, one claim for a 100% share of version 1, and one claim for a 100% share of version 2, each claim would be treated as a 50% share of the Sound Recording, and the total share of the Sound Recording that is the subject of allowed claims would be 100%.

4.5.     All Administrative Expenses shall be identified by the Settlement
Administrator as allocable to the Musical Composition Class only, the Sound Recording Class
only, or to both Classes.  Administrative Expenses allocable to a particular Class will be offset
against that Class's Settlement Fund.  Administrative Expenses allocable to both Classes will be
divided pro rata based on the total allowed Musical Composition claims and the total allowed
Sound Recording claims, unless the Parties agree on a more equitable allocation plan.  Any
Plaintiff Incentive Award shall be allocated between the Classes as directed by the Court.

4.6.     Once Settlement Costs allocable to the Musical Composition Class
Settlement Fund have been fully deducted, the Settlement Administrator will distribute the
Musical Composition Class Settlement Fund, less any reversion to be paid to Defendants, among
those Persons with allowed claims in Musical Compositions, according to the percentage that the
Person's total respective share of Musical Compositions bears to the total shares of all Persons
with claims made in Musical Compositions.

4.7.     Once Settlement Costs allocable to the Sound Recording Class Settlement
Fund have been fully deducted, the Settlement Administrator will distribute the Sound Recording
Class Settlement Fund, less any reversion to be paid to Defendants, among those Persons with
allowed claims in Sound Recordings, according to the percentage that the Person's total
respective share of Sound Recordings bears to the total shares of all Persons with claims made in
Sound Recordings.

4.8.     If any member or members of the Classes entitled cumulatively to an
amount less than or equal to 1.0% of the Settlement Fund (to be determined consistent with the
plan of allocation set forth in sections 4.2 through 4.7 above ("Plan of Allocation")) submits a
timely and valid Request for Exclusion from the Classes, then Defendants shall not have any

right to reversion or any pay back from the Settlement Fund.  <u>Example</u>:  Members of the Classes cumulatively representing 0.75% of the Settlement Fund submit timely and valid Requests for Exclusion.  In such instance, Defendants shall not be entitled to any reversion or pay back in respect of the Settlement Fund.  However, if any member or members of the Classes entitled cumulatively to more than 1% of the Settlement Fund (to be determined consistent with the Plan of Allocation) submits a timely and valid Request for Exclusion from the Classes, then Defendants shall be entitled to a reversion or pay back of the amount in excess of 1.0% of the Settlement Fund.  <u>Example</u>:  Members of the Classes cumulatively representing 2.5% of the Settlement Fund submit timely and valid Requests for Exclusion.  In such instance, Defendants shall be entitled to a reversion or pay back in the amount of 1.5% of the Settlement Fund.

<b>c.    Most Favored Nation</b>

4.9.    Defendants agree that Plaintiffs and Class Members shall enjoy Most Favored Nation status with respect to the consideration provided under this Settlement Agreement, in the manner and subject to the limitations provided herein below in this section 4.9.

(a)    Any agreement entered into by Defendants within fifteen (15) months of the Effective Date that resolves or compromises any claim ("Opt-Out Claim") of any Class Members who submit a valid Request for Exclusion as to such claim, on terms and conditions that are no more favorable to Defendants than those set forth herein ("Opt-Out Settlement"), shall:  (i) be in writing; (ii) specify the amount of any cash consideration paid by Defendants to compromise or resolve such Opt-Out Claim; and (iii) set forth the specific Musical Compositions and/or Sound Recordings with respect to which the Class Member has submitted a Request for Exclusion.

20

(b)      Within thirty (30) days of an Opt-Out Settlement, Defendants shall provide Class Counsel with a calculation as to the amount of any payment made pursuant to such Opt-Out Settlement.

(c)      In the event that the cash consideration paid by Defendants pursuant to an Opt-Out Settlement exceeds what such Person would be entitled to if such Person had participated in the Settlement ("Imputed Recovery"), Defendants shall be obligated to make an additional payment to the Settlement Fund in the amount by which the Opt-Out Settlement exceeds such Person's Imputed Recovery.

(d)      If requested by Class Counsel, the Parties agree to appoint a person (the "Neutral") who, if and when requested to do so by Class Counsel, will determine whether Defendants are complying with the provisions of this Paragraph.  The Parties shall share equally the costs for the Neutral.  If Class Counsel makes such a request to Defendants' Counsel, Defendants will provide the Neutral with a copy of this Agreement, as well as any other documents and information the Neutral may reasonably request in connection with his or her work under this Paragraph.  Before receiving any documents or information under this Paragraph, the Neutral shall sign and deliver to Defendants' Counsel an undertaking to keep confidential any documents or information he or she receives from Defendants in his or her capacity as Neutral, and not to disclose any such documents or information without the Defendants' prior written consent.  The Neutral shall advise Defendants' Counsel and Class Counsel in writing of his or her determination.  If the Neutral determines that Defendants are required to make a payment into the Settlement Fund, within ten (10) business days after Defendants receive such written determination, they shall deposit in the Settlement Fund the amount the Neutral determines should be paid.  Defendants shall have the right to request

reconsideration by the Neutral of his or her determination, but that shall not extend the time for Defendants to make the determined payments into the Settlement Fund.  If the Neutral reconsiders his or her determination and decides that the initial determination was too high, Defendants shall be paid the difference between the initial determination and the reconsidered determination from the Settlement Fund within ten (10) business days after Defendants' Counsel and Class Counsel receive the written reconsidered determination.

(e)	Nothing herein shall be construed to prevent Defendants from entering into a confidential settlement agreement to compromise an Opt-Out Claim, provided that any such settlement agreement is made available to Class Counsel, who shall maintain the confidentiality thereof except as may be necessary to enforce the provisions of this Settlement Agreement.

## 5.	Final Order And Judgment

5.1.	If, after the Notice and the Final Settlement and Class Certification Hearing, the Court approves this Stipulation, the Parties shall jointly present to the Court a proposed final judgment substantially in the form of Exhibit D hereto, which shall:

(a)	Certify the Classes solely for purposes of this Stipulation;

(b)	Approve the settlement, adjudging the terms thereof to be fair, reasonable, adequate and in the best interests of the Musical Composition Class and the Sound Recording Class, pursuant to Federal Rule of Civil Procedure 23(e);

(c)	Authorize and direct performance of the Stipulation in accordance with its terms and conditions and reserve jurisdiction to supervise the consummation of the settlement provided therein;

(d)     Settle, discharge and dismiss the Action on the merits with respect to all Released Persons, and each of them, including without limitation all Released Claims, and with prejudice against Plaintiffs and all Class Members who have not submitted a timely and valid Request for Exclusion, subject only to compliance by the Parties with the terms and conditions of this Stipulation and any order of the Court with reference to the settlement; and

(e)     Permanently bar and enjoin Plaintiffs and all Class Members from asserting, commencing, prosecuting, continuing or appealing, either directly or indirectly, derivatively, individually, representatively or in any other capacity, any of the Released Claims as against any and all Released Persons.

**6.     Releases**

6.1.     Upon the Effective Date, each of the Plaintiffs shall have, and each of the Musical Composition Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against all Defendants and the other Released Persons and retroactively authorized, licensed, and consented to any conduct of Defendants and the other Released Persons relating to the Released Claims to the extent such conduct arises from or with respect to the use of any musical composition or portion thereof in connection with or as part of any existing television series, episode, program, music video, performance, advertisement, promotion, commercial, or other exploitation in any manner in any medium anywhere between January 14, 2003, through the later of the date of entry of the final judgment and the thirtieth (30th) day after the deadline for submitting a completed "Proof of Claim Form," whether now known or hereafter devised by or under the authority of BET LLC.

6.2.    Upon the Effective Date, each of the Plaintiffs shall have, and each of the Sound Recording Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against all Defendants and the other Released Persons and retroactively authorized, licensed, and consented to any conduct of Defendants and the other Released Persons relating to the Released Claims to the extent such conduct arises from or with respect to the use of any sound recording or portion thereof in connection with or as part of any existing television series, episode, program, music video, performance, advertisement, promotion, commercial, or other exploitation in any manner in any medium anywhere between January 14, 2003, through the later of the date of entry of the final judgment and the thirtieth (30th) day after the deadline for submitting a completed "Proof of Claim Form," whether now known or hereafter devised by or under the authority of BET LLC.

6.3.    Upon the Court's granting final approval of the settlement, the Court will simultaneously enter the Judgment dismissing the Action with prejudice and waiving all rights of appeal.

**7.      Conditions Of Settlement, Effect Of Disapproval, Cancellation, Termination And Right To Opt Out**

7.1.    The settlement shall be conditioned on the occurrence of all of the following events:  (a) the Court's entering of the Notice Order, or an order substantially in the form of Exhibit A attached hereto; (b) the giving of the Notice pursuant to the Notice Order; (c) the Court's approval of the Stipulation without substantial modification; (d) the Court's entry of the Judgment, or a judgment substantially in the form of Exhibit D attached hereto; and (e) the Judgment's becoming Final, as defined in paragraph 1.9 hereof.

7.2.    If (a) any of the terms of the Stipulation, including any later amendment, is disapproved by the Court; (b) the Court does not enter the Judgment or such Judgment is reversed, vacated or substantially modified upon appeal; or (c) any of the other conditions specified in paragraph 7.1 is not met, then the Stipulation shall be canceled and terminated subject to paragraph 7.3 upon written notice of either Plaintiffs' Class Counsel and/or Defendants' Counsel, unless Plaintiffs' Class Counsel and Defendants' Counsel mutually agree in writing to proceed with the Stipulation.

7.3.    In the event that the Stipulation is canceled or terminated pursuant to paragraph 7.2 or withdrawn pursuant to paragraphs 7.5 or 7.6, or is substantially modified, disapproved or vacated on appeal, or for any other reason fails to become effective, the Stipulation and any amendment hereof shall be null and void and without prejudice to any Party hereto, and unless otherwise indicated herein, the Parties shall be restored to their respective positions in the Action as of the day and time immediately before execution of the Stipulation, including the return to Defendants, within five days of the cancellation or termination of the Stipulation, of Defendants' payment of $2,750,000 plus such interest as may have accrued after the Funding Date less any Administrative Expenses.  Neither this Stipulation, nor the resolution and dismissal of the Action contemplated hereby, nor any act or omission in connection therewith, shall be deemed an admission by the Parties or their counsel of the merit or lack of merit of the Action or of any issue or fact.  The terms and provisions of the Stipulation shall have no further force and effect with respect to the Parties and shall not be used in the Action, or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated *nunc pro tunc.*

7.4.    A Class Member may opt out of the Musical Composition Class or the Sound Recording Class, as the case may be.  To opt out, a Class Member must complete, sign and return a Request for Exclusion.  A Request for Exclusion must clearly state:  (a) the putative Class Member's name, address and telephone number; (b) all trade names or business names that the Class Member has used; (c) all Musical Compositions and/or Sound Recordings owned or exclusively licensed by the Class Member, all of which shall be subject to the Request for Exclusion, including the title and composers of the Musical Composition, the performing rights organization (or PRO) applicable to the Musical Composition and the title, principal performing artists, record label company, soundtrack (if any), and date of first commercial release of the Sound Recording; (d) the name of the Action "*The Music Force LLC, et al. v. Black Entertainment Television, LLC, et al.*, 09-cv00376 (GBD) (S.D.N.Y.)"; and (e) a signed statement that "I/we hereby request that I/we be excluded from the Sound Recording Class / Musical Composition Class in *The Music Force LLC, et al. v. Black Entertainment Television, LLC, et al.*"  The Request must be postmarked on or before the end of the opt-out period specified in the Notice and must be addressed to the Settlement Administrator.  A Request for Exclusion shall be deemed invalid by the Court if it is not submitted in a timely manner and does not contain the required information.

7.5.    In the event that putative Musical Composition Class Members submit Requests for Exclusion, Defendants shall have the right to withdraw from the settlement with respect to the Musical Composition Class if putative Musical Composition Class Members purporting to represent more than 15% of the aggregate number of Musical Compositions submit valid and timely Requests for Exclusion.  In the event that any of the Parties challenges the completeness or accuracy of any Requests for Exclusion with respect to Musical Compositions

within 15 calendar days after the exclusion deadline set forth in the Notice or such other

exclusion deadline specified by the Court, the Parties shall be entitled to investigate and take

discovery with respect to the subject matter of the Request for Exclusion, including, but not

limited to, serving a subpoena for documents and testimony on the Person that submitted the

Exclusion Request.  Within 15 days after such investigation or discovery is complete,

Defendants shall give written notice to Class Counsel of any intent by Defendants to withdraw

from the Musical Composition Class.  If, within 5 business days of such notice, Class Counsel

propose an accommodation in the settlement terms in an attempt to meet Defendants' concerns in

light of the Exclusion Requests submitted by Musical Composition Class Members, Defendants'

withdrawal shall not become effective until Defendants' Counsel meet and confer with Class

Counsel regarding their proposal.

       7.6.    In the event that putative Sound Recording Class Members submit

Requests for Exclusion, Defendants shall have the right to withdraw from the settlement with

respect to the Sound Recording Class if putative Sound Recording Class Members purporting to

represent more than 15% of the aggregate number of Sound Recordings submit valid and timely

Requests for Exclusion.  In the event that any of the Parties challenges the completeness or

accuracy of any Requests for Exclusion with respect to Sound Recordings within 15 calendar

days after the exclusion deadline set forth in the Notice or such other exclusion deadline

specified by the Court, the Parties shall be entitled to investigate and take discovery with respect

to the subject matter of the Request for Exclusion, including, but not limited to, serving a

subpoena for documents and testimony on the Person that submitted the Exclusion Request.

Within 15 days after such investigation or discovery is complete, Defendants shall give written

notice to Class Counsel of any intent by Defendants to withdraw from the Sound Recording

Class.  If within 5 business days of such notice, Class Counsel propose an accommodation in the settlement terms in an attempt to meet Defendants' concerns in light of the Exclusion Requests submitted by Sound Recording Class Members, Defendants' withdrawal shall not become effective until Defendants' Counsel meet and confer with Class Counsel regarding their proposal.

7.7.    For purposes of administering paragraphs 7.5 and 7.6, a Request for Exclusion shall be deemed to apply to all Musical Compositions and Sound Recordings (a) that are identified in a Request for Exclusion or (b) in which a Person submitting a Request for Exclusion is otherwise identified as having, or reasonably likely to have, an interest.  If (a) a Musical Composition or Sound Recording is the subject of a Request for Exclusion by a Person purporting to have a partial interest in the Musical Composition or Sound Recording or (b) a Person submitting a Request for Exclusion is otherwise identified as having, or reasonably likely to have, a partial interest in a Musical Composition or Sound Recording, each such Musical Composition or Sound Recording shall be counted as one Musical Composition or Sound Recording, respectively, in the numerator of the applicable percentage.  The number of Sound Recordings to be used in the denominator of the applicable percentage shall be calculated according to the method set forth in paragraph 4.4.  The Parties shall be entitled to enlist the assistance of any provider upon which they mutually agree, in administering paragraphs 4.8, 7.5 and 7.6 of the settlement, and such expenses shall be treated as Administrative Expenses.

7.8.    In the event that Defendants exercise their right pursuant to paragraph 7.5 or 7.6 to withdraw from the settlement with respect to one but not both of the Classes, the Settlement Administrator shall compute the total number of claims made in Musical Compositions and Sound Recordings, and the amount of the Settlement Fund that is set forth in

paragraph 1.24 shall be reduced on a pro rata basis based on the total allowed Musical Composition claims if Defendants were to withdraw from the settlement with respect to the Musical Composition Class only, and based on the total allowed Sound Recording claims if Defendants were to withdraw from the settlement with respect to the Sound Recording Class only.  The number of Sound Recordings to be used in making this determination shall be calculated according to the method set forth in paragraph 4.4.  Defendants shall bear the cost of any Administrative Expenses solely allocable to the Class with respect to which Defendants have withdrawn from the settlement.

### 8.        Settlement Not An Admission

8.1.        Whether or not this settlement is consummated, neither the Stipulation, the settlement contained therein, or any proceedings taken hereunder, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any fact alleged, or any Released Claim or defense asserted or that may have been asserted in the Action, or of any wrongdoing or liability of Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce this Stipulation or the settlement provided herein, or the Judgment, except that Defendants may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.2.     This Agreement is made with the understanding (a) that under applicable law, a class may be certified for settlement purposes only; (b) that Defendants' agreement to certify the Musical Composition Class and the Sound Recording Class is for settlement purposes only and without prejudice to Defendants' right to contest certification for litigation or trial purposes; and (c) that notwithstanding any other provisions of this Agreement, all actions and proceedings pursuant to this Agreement shall be consistent with the foregoing.

## 9.     Miscellaneous Provisions

9.1.     The Parties agree to cooperate fully with one another to obtain Court approval of this Stipulation and settlement and to effectuate and implement all terms and conditions of the Stipulation.  Plaintiffs' Class Counsel and Defendants' Counsel shall confer in person or by telephone as necessary to discuss the implementation of this Stipulation and to attempt to resolve any disagreements that may arise between the Parties regarding the implementation.

9.2.     The Parties agree that the Stipulation was negotiated in good faith and at arm's-length and reflects a settlement that was reached voluntarily after consultation with competent legal counsel.

9.3.     The undersigned Plaintiffs' Class Counsel represent that they have full authority to execute, and do hereby execute, this Stipulation for themselves and on behalf of all Plaintiffs and the Classes, and further represent that they have full authority to effectuate the terms of the Stipulation and enter into any modifications or amendments to the Stipulation as may be necessary or appropriate.

9.4.     Neither Defendants, Defendants' Counsel, Plaintiffs nor Plaintiffs' Class Counsel shall have any liability for the omission, non-disclosure or misrepresentation of any

Class Member or for claims of wrongful or negligent conduct by the Settlement Administrator or any other third party retained by mutual agreement of the Parties with Court approval to assist in administering and implementing the settlement.

9.5.    The Parties agree that Defendants are in no way liable for any obligations that Class Counsel, Plaintiffs, Class Members or others incur, including without limitation any tax filings or payments, as a result of the receipt of settlement benefits.

9.6.    The Parties and their counsel acknowledge their continuing obligations under (a) the protective order in this Action, (b) their agreement providing for the confidentiality of settlement-related communications, and (c) any other agreements between or among the Parties relating to the confidentiality of documents and information produced or obtained in the Action, and agree that all such orders and agreements shall remain in effect by their terms, notwithstanding this Stipulation or the dismissal of the Action.

9.7.    The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the Court.  For this purpose, signature pages transmitted by telecopier shall be deemed to be original signature pages.

9.8.    The Stipulation shall be binding upon, and inure to the benefit of, Plaintiffs, Defendants and the Released Persons, and their affiliates, related entities, agents, executors, heirs, spouses, partners, representatives, subsidiaries, successors and assigns, including without limitation any corporation or other entity into or with which any corporation party hereto may merge or consolidate.

9.9.    All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.10.    The Proof of Claim Form shall include a certification by the Person submitting the claim that said claimant agrees to comply with any obligations the claimant might have to distribute the claimant's recovery in the settlement, or any portion thereof, to Persons with a royalty or other monetary interest in such recovery.  The same certification, or words to that effect, also shall appear on the reverse side of settlement checks that are issued from the Settlement Fund and shall be made by each claimant as part of endorsing the check.

9.11.    The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

9.12.    The language of this Stipulation was negotiated at arm's-length by Class Counsel and Defendants' Counsel.  If a dispute should later arise regarding any of the terms of the Stipulation, no Party shall be deemed to be the drafter of any particular provision herein, and no part of the Stipulation shall be construed against any Party.

9.13.    In the event any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision if Defendants, on one hand, and Class Counsel (on behalf of Plaintiffs and Class Members), on the other, mutually elect to proceed as if such invalid, illegal or unenforceable provision had never been included in this Agreement.

9.14.    The Stipulation and the Exhibits attached hereto constitute the entire agreement among the Parties, and no representations, warranties or inducements have been made to any Party concerning the Stipulation or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

9.15.   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Parties and Class Members submit to the jurisdiction of this Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

9.16.   The Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the Parties and Class Members shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the state and federal courts in the State of New York, without giving effect to that State's choice of law principles.

IN WITNESS WHEREOF, the Parties hereto have caused the Stipulation to be executed by their duly authorized attorneys.

DATED: __Jan. 26__, 2011

JEFFREY L. GRAUBART
LAW OFFICES OF JEFFREY L. GRAUBART, P.C.

By: _____
Jeffrey L. Graubart
350 West Colorado Boulevard, Suite 200
Pasadena, California 91105
Telephone: (626) 304-2800
Facsimile: (626) 304-2807

DATED: _____, 2011

CHRISTOPHER LOVELL
LOVELL STEWART HALEBIAN JACOBSON LLP

By: _____
Christopher Lovell
61 Broadway, Suite 501
New York, New York, 10006
Telephone: (212) 608-1900
Facsimile: (212) 719-4775

DATED: _____, 2011

JOSHUA G. GRAUBART
LAW OFFICES OF JOSHUA GRAUBART, P.C.

33

9.15.    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Parties and Class Members submit to the jurisdiction of this Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

9.16.    The Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the Parties and Class Members shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the state and federal courts in the State of New York, without giving effect to that State's choice of law principles.

IN WITNESS WHEREOF, the Parties hereto have caused the Stipulation to be executed by their duly authorized attorneys.

DATED: _____, 2011          JEFFREY L. GRAUBART
                                       LAW OFFICES OF JEFFREY L. GRAUBART, P.C.


                                       By: _____
                                           Jeffrey L. Graubart
                                           350 West Colorado Boulevard, Suite 200
                                           Pasadena, California 91105
                                           Telephone: (626) 304-2800
                                           Facsimile: (626) 304-2807

DATED: _Jany 26_, 2011                 CHRISTOPHER LOVELL
                                       LOVELL STEWART HALEBIAN JACOBSON LLP


                                       By: _____
                                           Christopher Lovell
                                           61 Broadway, Suite 501
                                           New York, New York, 10006
                                           Telephone: (212) 608-1900
                                           Facsimile: (212) 719-4775

DATED: _January 25_, 2011              JOSHUA G. GRAUBART
                                       LAW OFFICES OF JOSHUA GRAUBART, P.C.

33

By: _____
    Joshua G. Graubart
    237 E. 28th Street, Suite 1D
    New York, New York 10016
    Telephone: (646) 781-9321
    Facsimile: (646) 224-8088

Co-Counsel for Plaintiffs and Class Counsel

DATED: _____, 2011

RICHARD B. KENDALL
KENDALL BRILL & KLIEGER LLP

By: _____
    Richard B. Kendall
    10100 Santa Monica Blvd., Suite 1725
    Los Angeles, CA 90067
    Telephone:  (310) 556-2700
    Facsimile: (310) 556-2705

Attorneys for BLACK ENTERTAINMENT
TELEVISION LLC and VIACOM INC.

By: _____

Joshua G. Graubart
237 E. 28th Street, Suite 1D
New York, New York 10016
Telephone: (646) 781-9321
Facsimile: (646) 224-8088

Co-Counsel for Plaintiffs and Class Counsel

DATED: _January 25_, 2011

RICHARD B. KENDALL
KENDALL BRILL & KLIEGER LLP

By: _____

Richard B. Kendall
10100 Santa Monica Blvd., Suite 1725
Los Angeles, CA 90067
Telephone: (310) 556-2700
Facsimile: (310) 556-2705

Attorneys for BLACK ENTERTAINMENT
TELEVISION LLC and VIACOM INC.

34

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE MUSIC FORCE LLC, doing business as
THE MUSIC FORCE, also doing business as
FULL FORCE MUSIC, and HENRY MARX
on behalf of themselves and all those similarly
situated,

               Plaintiffs,

     *-against-*

BLACK ENTERTAINMENT TELEVISION
LLC, VIACOM INC. and JOHN DOES 1-10,

            Defendants.

Case No. 09-CV-00376 (GBD)
**ECF CASE**

---

### [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT, PROVISIONALLY CERTIFYING CLASSES AND PROVIDING FOR NOTICE TO CLASSES

WHEREAS, the above-entitled putative class action is pending before this Court (the "Action");

WHEREAS, the Parties having made an application, pursuant to Federal Rule of Civil Procedure 23, for an order preliminarily approving the settlement of this Action, provisionally certifying the Classes and providing for Notice in accordance with the Stipulation (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed class settlement of the Action and for dismissal of the Action as to Plaintiffs and Class Members with prejudice, and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

1

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1.     For settlement purposes only, the Court finds that certification of the Musical Composition Class[1] and the Sound Recording Class[2] (collectively, "Classes") is warranted because the Classes satisfy the prerequisites of Rule 23(a)(1)-(4) and Rule 23(b)(3).

2.     The Court hereby appoints Jeffrey L. Graubart of the Law Offices of Jeffrey L. Graubart, P.C., Christopher Lovell of Lovell Stewart Halebian Jacobson LLP, and Joshua Graubart of the Law Offices of Joshua Graubart, P.C., as Class Counsel for the Classes, having determined that the requirements of Rule 23(g) are fully satisfied by this appointment.

---

[1] "Musical Composition Class" or "Musical Composition Class Members" means all Persons who are current Legal Owners of a musical composition or portion thereof that, without license or authorization, was copied, reproduced, synchronized, displayed, performed, broadcast, telecast, cablecast, syndicated, exhibited, transmitted, disseminated, distributed or otherwise used in connection with or as part of any television series, episode, program, music video, performance, advertisement, promotion, commercial, or other exploitation in any manner in any medium anywhere between January 14, 2003, and the date of entry of the Notice Order, whether now known or hereafter devised by or under the authority of BET LLC.

The Musical Composition Class shall also include any Persons who currently hold any monetary or royalty interest that derives from an Excluded Person's (defined in note 2, *infra*) interest as Legal Owner of a musical composition, or portion thereof, referenced in Section IV(1)(a) of the Stipulation.

[2] "Sound Recording Class" or "Sound Recording Class Members" means all Persons who are current Legal Owners of a Sound Recording or portion thereof that, without license or authorization, was copied, reproduced, synchronized, displayed, performed, broadcast, telecast, cablecast, syndicated, exhibited, transmitted, disseminated, distributed or otherwise used in connection with or as part of any television series, episode, program, music video, performance, advertisement, promotion, commercial, or other exploitation in any manner in any medium anywhere between January 14, 2003, and the date of entry of the Notice Order, whether now known or hereafter devised by or under the authority of BET LLC.

Excluded from the Musical Composition and Sound Recording Classes are solely (i) any Persons to the extent their claims as alleged in the Action have already been released and discharged; (ii) any Persons to the extent they submit a timely and valid request to be excluded from the Classes ("Request for Exclusion"); (iii) Defendants, any affiliated or related company or entity, and any entity in which a Defendant or any affiliated or related entity has a controlling interest; and (iv) each of the major record companies (Sony BMG Music Entertainment; Universal Music Group; EMI Music; Warner Music Group) and major music publishers (Sony/ATV Music Publishing; BMG Music Publishing; Universal Music Publishing; EMI Music Publishing; Warner/Chappell Music, Inc.) (collectively, "Excluded Persons").

3.    The Court appoints The Music Force, LLC, doing business as The Music Force, also doing business as Full Force Music and Henry Marx, as Class Representatives for the Classes.

4.    The Court preliminarily approves the settlement set forth in the Stipulation.  The Court finds that the Settlement Agreement was entered into at arms'-length by experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement should be given to the Classes as provided in this Order.

5.    The Final Settlement and Class Certification Hearing shall be held before this Court on _____, at _____ [a.m. / p.m.] [at least 150 days after the entry of this order], before the Honorable George B. Daniels, at the United States Courthouse, Southern District of New York, 500 Pearl Street, New York, New York 10007-1312, to determine whether the settlement of the Action on the terms and conditions described in the Stipulation is fair, reasonable and adequate to the Class Members and should be approved by the Court; and whether a Judgment as provided in paragraph 1.11 of the Stipulation should be entered herein.  The Court may adjourn or vacate the Final Settlement and Class Certification Hearing without further notice to Class Members.

6.    The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action (the "Notice") and Summary Notice for Publication ("Summary Notice") annexed to the Stipulation as Exhibits B and C, respectively, and finds that the mailing of the Notice and publication of the Summary Notice substantially in the manner and form set forth in this paragraph meet the requirements of Federal Rule of Civil Procedure 23 and due process, are the best notice practicable under the circumstances, and constitute due and sufficient notice to all

Persons entitled thereto.  Class Counsel and Defendants' Counsel shall give notice of the settlement as follows:

(a)     As soon as reasonably practicable and no later than 75 days from the date of this Order, a copy of the Notice substantially in the form of Exhibit B of the Stipulation (along with the Proof of Claim) shall be mailed by first class mail to all Persons known or reasonably believed to be Class Members who can be identified with reasonable efforts;

(b)     As soon as reasonably practicable and no later than 75 days from the date of this Order, a copy of the Summary Notice substantially in the form of Exhibit C of the Stipulation shall be published once in the following music industry trade publications: Billboard; Variety; Daily Variety; and Music Week.

(c)     As soon as reasonably practicable and no later than 75 days from the date of this Order, a website shall be established for the purpose of this settlement.  Both the Notice and the Summary Notice will direct members of the Classes to the website where they can access the Stipulation, Notice, this Order, a Proof of Claim, obtain answers to anticipated questions about class action settlements, and find other information on the settlement process.

7.     The Parties' Counsel may agree to reasonable modifications to the plan for giving Notice to the Classes, and shall report to the Court in the event they require additional time to complete the Notice provided in paragraphs 4(a)-(c) above.

8.     At least seven calendar days before the Final Settlement and Class Certification Hearing, the Parties' Counsel shall file with the Court a declaration attesting to the provision of Notice in compliance with this Order.

9.     To effectuate the Stipulation and the Notice provisions, the Court hereby approves The Garden City Group, Inc. as the "Settlement Administrator" to be responsible for: (a)

establishing a P.O. Box, information telephone line and website (to be included in the Notice and Summary Notice) for the purpose of communicating with members of the Classes; (b) disseminating Notice to the Classes; (c) accepting and maintaining documents sent from the Class Members including Proofs of Claim, exclusion requests, and other documents relating to claims administration; and (d) administering claims for allocation of funds among members of the Classes and (e) acting as escrow agent for the Settlement Fund.

10.     Any Class Member who wishes to be excluded from any Class must submit a Request for Exclusion in writing by sending it to the Settlement Administrator by first class mail with first class postage prepaid.  Requests for Exclusion must be received by the Settlement Administrator no later than 45 days prior to the Final Settlement and Class Certification Hearing and addressed to the U.S. Post Office Box specified in the Notice for the receipt of such documents.

11.     A Request for Exclusion must clearly state:  (a) the putative Class Member's name, address and telephone number; (b) all trade names or business names that the Class Member has used; (c) all Musical Compositions and/or Sound Recordings owned or exclusively licensed by the Class Member, all of which shall be subject to the Request for Exclusion, including the title and composers of the Musical Composition, the performing rights organization (or PRO) applicable to the Musical Composition and the title, principal performing artists, record label company, soundtrack (if any), and date of first commercial release of the Sound Recording; (d) the name of the Action "*The Music Force LLC, et al. v. Black Entertainment Television, LLC, et al.*, 09-cv00376 (GBD) (S.D.N.Y.) and (e) a signed statement that "I/we hereby request that I/we be excluded from the Sound Recording Class / Musical Composition Class in *The Music Force LLC, et al. v. Black Entertainment Television, LLC, et al.*"  A Request for Exclusion is

invalid unless it is submitted in a timely manner and contains all the information required under this paragraph.  Any putative Class Member who does not timely submit a valid Request for Exclusion shall become a Class Member and be bound by all orders, judgments and settlements entered or approved by the Court pertaining to Class Members.  In the event that any Party challenges the completeness or accuracy of any Request for Exclusion, the Parties shall be entitled to investigate and take discovery with respect to the subject matter of the Request for Exclusion, including, but not limited to, serving a subpoena for documents and testimony on the Person that submitted the Exclusion Request.

12.      Any Class Member who wishes to object to the fairness of the proposed settlement or to entry of the Judgment must submit the Objection, including copies of any papers and briefs in support thereof, in writing by filing it with the Clerk of the United States Court, Southern District of New York, 500 Pearl Street, New York, New York 10007-1312, no later than 20 days before the Final Settlement and Class Certification Hearing, and by sending copies of the Objection by hand delivery or first class mail to the Settlement Administrator and the Parties' Counsel at the address set forth in the Notice.

13.      Any Class Member who submits an Objection may enter an appearance in the Action at his, her or its own expense individually or through counsel of the Class Member's choice.  All notices to appear at the Final Settlement and Class Certification Hearing must be filed with the Clerk of the Court and served on the Parties' Counsel by the deadline and in the manner specified in the previous paragraph.  Any Class Member who does not timely submit a notice to appear and an Objection shall be barred from speaking or presenting any views at the Final Settlement and Class Certification Hearing.  Class Members who do not enter an Objection or appearance shall be represented by Class Counsel.

14.     Any memoranda or other materials responding to an Objection to the settlement shall be filed with the Clerk of the Court and served on all the Parties' counsel no later than ten calendar days before the Final Settlement and Class Certification Hearing.  Any memoranda or other materials replying to a response to an Objection shall be filed with the Clerk of the Court and served on all the Parties' counsel no later than seven calendar days before the Final Settlement and Class Certification Hearing.  Plaintiffs' memorandum and other materials in support of final approval of the settlement shall also be filed Court no later than seven calendar days before the Final Settlement and Class Certification Hearing.  Such memoranda and other briefing shall be served on all Parties, all non-Parties who made a proper request for appearance, and any Class Member to whose Objection the memoranda or other briefing responds.

15.     Class Counsel's request for the payment of fees and reimbursement of expenses shall be filed no later than 28 days prior to the Final Settlement and Class Certification Hearing.  Any petition for Class Representative incentive awards shall also be filed no later than 28 days prior to the Fairness Hearing.

16.     The Court approves a Proof of Claim Form substantially in the form of Exhibit E annexed to the Stipulation.  Completed and executed Proof of Claim Forms must be received by the Settlement Administrator no later than 90 days after the Final Settlement and Class Certification Hearing.  A Class Member may not participate in the settlement recovery unless the Class Member timely submits a properly completed Proof of Claim Form that is signed under penalty of perjury.

17.     Pending final approval of the settlement or unless and until the settlement is canceled or terminated pursuant to paragraph 7.2 of the Stipulation or withdrawn pursuant to paragraphs 7.5 and 7.6 of the Stipulation, neither Plaintiffs nor any Class Member, either

directly, derivatively, individually, representatively, or in any other capacity, shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

18.     Whether or not this settlement is consummated, neither the Stipulation, the settlement, any proceedings taken hereunder, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any fact alleged, or any Released Claim or defense asserted or that may have been asserted in the Action, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce this Stipulation or the settlement provided herein, or the Judgment, except that Defendants may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

19.     The Court may approve the settlement, with such modifications as to which the

Parties agree, without further notice to the Classes.

**IT IS SO ORDERED**.


DATED: _____


_____
HONORABLE GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE MUSIC FORCE LLC, doing business as THE MUSIC FORCE, also doing business as FULL FORCE MUSIC, and HENRY MARX on behalf of themselves and all those similarly situated, | |
| Plaintiffs, | Case No. 09-CV-00376 (GBD) **ECF CASE** |
| -*against*- | |
| BLACK ENTERTAINMENT TELEVISION LLC, VIACOM INC. and JOHN DOES 1-10, | |
| Defendants. | |

**[PROPOSED] NOTICE**

**IMPORTANT LEGAL NOTICE TO ALL MEMBERS OF THE CLASSES
FORWARD TO CORPORATE HEADQUARTERS/LEGAL COUNSEL**

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND PROOF OF CLAIM**

**TO:    ALL PERSONS WHO ARE CURRENT LEGAL OWNERS OF A (1) MUSICAL
COMPOSITION OR PORTION THEREOF AND/OR (2) SOUND RECORDING
THAT, WITHOUT LICENSE OR AUTHORIZATION, WAS COPIED,
REPRODUCED, SYNCHRONIZED, DISPLAYED, PERFORMED, BROADCAST,
TELECAST, CABLECAST, SYNDICATED, EXHIBITED, TRANSMITTED,
DISSEMINATED, DISTRIBUTED OR OTHERWISE USED IN CONNECTION
WITH OR AS PART OF ANY TELEVISION SERIES, EPISODE, PROGRAM,
MUSIC VIDEO, PERFORMANCE, ADVERTISEMENT, PROMOTION,
COMMERCIAL, OR OTHER EXPLOITATION IN ANY MANNER IN ANY
MEDIUM ANYWHERE BETWEEN JANUARY 14, 2003, AND THE DATE OF
ENTRY OF FINAL JUDGMENT WHETHER NOW KNOWN OR HEREAFTER
DEVISED BY OR UNDER THE AUTHORITY OF BET LLC.**

*PLEASE READ THIS ENTIRE NOTICE CAREFULLY.  YOUR RIGHTS MAY BE
AFFECTED BY PROCEEDINGS IN THIS ACTION.  PLEASE NOTE THAT IF YOU ARE
A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE
SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THIS
FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM FORM POSTMARKED NO
LATER THAN ___, 2011*

1

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an order of the United States District Court for the Southern District of New York (the "Court").

The purpose of this Notice is to inform you of the pending proposed class action lawsuit (the "Action") and of a settlement of the Action with defendants Black Entertainment Television LLC and Viacom Inc. ("Defendants"). The Action alleges that Defendants violated United States copyright law and state common law and/or unfair competition law by allegedly broadcasting certain musical works without authorization. See Section I below. To resolve the claims against them, Defendants have agreed to pay $2,750,000 for the benefit of the Classes pursuant to terms of the Stipulation and Agreement of Settlement dated ____, 2011 ("Settlement Agreement").[1] The Settlement Agreement is available at www.mfclasssettlement.com. Members of the Classes (see Section 2.C.1 and 2 below) are referred to the Settlement Agreement and the terms of the Settlement Agreement are controlling.

The Court will hold a public Fairness Hearing on _____, 2011, ____ [a.m. / p.m.] at the Daniel Patrick Moynihan United States Courthouse, Southern District of New York, 500 Pearl Street, New York, New York, 10007-1312 Courtroom 21D to consider whether the Settlement Agreement should be approved. The purpose of the Fairness Hearing is to determine whether the Settlement Agreement is fair, reasonable, and adequate and also to consider Class Counsel's application for attorneys' fees and reimbursement of expenses.

Your options are described later in this Notice and are summarized as follows:

1.    <u>Remain in the Classes</u>. If you remain in one or both of the Classes, you must file a Proof of Claim on or before ____, 2011 in order to share in the Settlement proceeds. See Section III.A. below. You may obtain a Proof of Claim on the settlement website referenced above. The settlement website also describes the Musical Compositions and Sound Recordings to which this Settlement applies.

2.    <u>Request in writing to be excluded from the Classes</u>. If you chose to exclude yourself, you will not be entitled to participate in the Settlement. See Section III.C. below. The deadline for submitting such a written request for exclusion is ____, 2011. If you do not exclude yourself from the Class, you will be bound by the releases set forth in the Settlement Agreement if the Court enters an order approving the Settlement Agreement.

3.    If you do not request exclusion from the Classes, you may remain a member of the Classes but object to any aspect of the Settlement. See Section III.B. below. The deadline for filing an objection is ____, 2011.

---

[1] Unless otherwise stated, capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement.

2

## I.       BACKGROUND OF THE LITIGATION

### A.       What is a Class Action Lawsuit?

A class action is a lawsuit in which a few representative plaintiffs bring a lawsuit against defendants on behalf of themselves and other similarly situated persons.  The representative plaintiffs, the court, and counsel appointed to represent the class all have a responsibility to make sure that the interests of all class members are adequately represented.  Importantly, class members are NOT individually responsible for the attorneys' fees or litigation expenses of class counsel.  In a class action, attorneys' fees and litigation expenses are paid from the settlement fund (or the court judgment amount) and must be approved by the court.  When a class enters into a proposed settlement with a defendant, such as this settlement with Defendants, then the court will require that the class be given notice of the settlement and be given an opportunity to be heard.  The court then conducts a hearing to determine, among other things, if the proposed settlement is fair, reasonable and adequate.

### B.       The Nature and Procedural History of This Lawsuit

Plaintiffs The Music Force LLC, doing business as The Music Force, also doing business as Full Force Music, and Henry Marx commenced this action on January 14, 2009, alleging that they are owners of certain musical compositions or sound recordings that were embodied without authorization in television shows produced, distributed, and/or aired by one of the networks owned and controlled by Defendant Black Entertainment Television LLC ("BET LLC"), including, without limitation, *BET Impressions, Jazz Visions, Jazz Moods, Lifted, and Jazz Channel-Mike's Word*.  BET LLC is a subsidiary of Defendant Viacom Inc.  Plaintiffs asserted claims for copyright infringement for themselves individually and on behalf of classes of owners of musical compositions and sound  recordings, or portions thereof, that were embodied in the television shows.  On March 26, 2009, Defendants answered the First Amended Complaint, denying any liability and asserting affirmative defenses.

Shortly after the original Complaint was filed in January 2009, the Parties commenced settlement discussions.  Since that time, the Parties have exchanged information, investigated facts, agreed to limited document production, engaged in arm's-length negotiations regarding the value and terms and conditions of a class settlement, and participated in a mediation before Retired Judge Daniel Weinstein.  The Parties' settlement negotiations and the mediation before Judge Weinstein culminated in the execution of this Stipulation providing for a class settlement of all claims that have been or could be asserted by Plaintiffs, for themselves or on behalf of the Classes, with respect to the use of musical compositions and sound recordings in connection with any television series, episode, program, music video, performance, advertisement, promotion, commercial, or other exploitation in any manner in any medium anywhere whether now known or hereafter devised by or under the authority of BET LLC.

After pursuing the Action for more than a year and discovering the factual and legal issues involved, Plaintiffs recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and appeals, which could substantially delay any recovery that might be obtained.  Plaintiffs also have taken into account the potentially meritorious defenses asserted by Defendants and the problems of

proof in the Action, including the risk that protracted and costly proceedings would lead to no recovery at all for Class Members.  Based on their thorough evaluation, Plaintiffs and Plaintiffs' Class Counsel believe that the Settlement is just and proper and is in the best interests of Plaintiffs and the Classes.

There has been no adverse determination by any court against any Defendant on the merits of the claims asserted by Plaintiffs, and Defendants have denied any liability against them arising out of any of the conduct, statements, acts, or omissions alleged in the Action. Nonetheless, Defendants have concluded that further litigation of the Action would be protracted, expensive and disruptive, and that it is desirable that the Action be fully and finally settled.

C.    **The Classes**

1.    **Musical Composition Class**

The Musical Composition Class includes all Persons who are current Legal Owners of a musical composition or portion thereof that, without license or authorization, was copied, reproduced, synchronized, displayed, performed, broadcast, telecast, cablecast, syndicated, exhibited, transmitted, disseminated, distributed or otherwise used in connection with or as part of any television series, episode, program, music video, performance, advertisement, promotion, commercial, or other exploitation in any manner in any medium anywhere between January 14, 2003, and ___, 2011, whether now known or hereafter devised by or under the authority of BET LLC.  The Musical Composition Class shall also include any Persons who currently hold any monetary or royalty interest that derives from an Excluded Person's (defined in subparagraph (3), below) interest as Legal Owner of a musical composition or portion thereof.

2.    **Sound Recording Class**

The Sound Recording Class includes all Persons who are current Legal Owners of a sound recording or portion thereof that, without license or authorization, was copied, reproduced, synchronized, displayed, performed, broadcast, telecast, cablecast, syndicated, exhibited, transmitted, disseminated, distributed or otherwise used in connection with or as part of any television series, episode, program, music video, performance, advertisement, promotion, commercial, or other exploitation in any manner in any medium anywhere between January 14, 2003, and ____, 2011, whether now known or hereafter devised by or under the authority of BET LLC.

3.    **Excluded Persons**

Excluded from the Musical Composition and Sound Recording Classes are solely (i) any Persons to the extent their claims as alleged in the Action have already been released and discharged; (ii) any Persons to the extent they submit a timely and valid request to be excluded from the Classes ("Request for Exclusion"); (iii) Defendants, any affiliated or related company or entity, and any entity in which a Defendant or any affiliated or related entity has a controlling interest; and (iv) each of the major record companies (Sony BMG Music Entertainment;

4

Universal Music Group; EMI Music; Warner Music Group) and major music publishers (Sony/ATV Music Publishing; BMG Music Publishing; Universal Music Publishing; EMI Music Publishing; Warner/Chappell Music, Inc.) (collectively, "Excluded Persons").

## II.     SUMMARY OF THE PROPOSED SETTLEMENT

On behalf of the Class, the Plaintiffs entered into the Settlement on January ___, 2011. The following description of the proposed Settlement is only a summary.  The Settlement Agreement is on file with the Court at the address indicated in this Notice and is available at the official Settlement website www.mfclasssettlement.com.

### A.     Defendants' Payment For The Benefit of The Classes

Defendants have agreed to pay $2,750,000 into the Settlement Fund within forty-five days of the Court's Order requiring that notice be sent to the Classes.

### B.     The Releases, Discharge and Covenant Not To Sue

**IF YOU DO NOT EXCLUDE YOURSELF FROM THE CLASSES WHEN THE SETTLEMENT AGREEMENT BECOMES FINAL YOU WILL BE RELEASING DEFENDANTS FOR THE CLAIMS DESCRIBED BELOW, AND YOU WILL BE BOUND BY THE RELEASES IN THE SETTLEMENT AGREEMENT INCLUDING THE COVENANT NOT TO SUE—EVEN IF YOU DO NOT FILE A CLAIM FORM OR PARTICIPATE IN THE SETTLEMENT FUND**

In exchange for Defendants' payment described above, members of the Classes will release their claims against Defendants that were asserted or relate to those asserted as is more fully set forth below.

"Released Claims" refers to all claims, causes of action, or liabilities, including, but not limited to, claims for infringement, misappropriation, breach of contract, unfair business practices, or violations of any state or federal statutes, rules, or regulations, and any Unknown Claims as defined below, that have been, could have been, or could be asserted by the Class Representatives or the Class Members against Defendants and the other Released Persons arising from or with respect to the copying, reproduction, synchronization, display, performance, broadcast, telecast, cablecast, syndication, transmission, dissemination, distribution or other use, in any medium anywhere and at any time from January 14, 2003, through the later of the date of entry of the final judgment and the thirtieth (30th) day after the deadline for submitting a completed "Proof of Claim Form," of any musical composition or sound recording, or portion thereof, in connection with or as part of any television series, episode, program, music video, performance, advertisement, promotion, commercial, or other exploitation in any manner in any medium anywhere whether now known or hereafter devised by or under the authority of BET LLC.

"Released Persons" includes without limitation Defendants and their past or present directors, officers, employees, licensees, distributors, controlling shareholders, members, principals, agents, representatives, attorneys, accountants, auditors, insurers, predecessors, successors, assigns, parents, subsidiaries, affiliates and related entities (and the representatives of such affiliates or related entities), and any other Persons and entities involved in any way in the copying, reproduction, synchronization, display, broadcast, telecast, cablecast, syndication, exhibition, transmission, dissemination, distribution or other use, in any medium anywhere and

at any time from January 14, 2003, through the later of the date of entry of the final judgment and the thirtieth (30th) day after the deadline for submitting a completed "Proof of Claim Form," of any musical composition or sound recording, or portion thereof, in connection with or as part of any television series, episode, program, music video, performance, advertisement, promotion, commercial, or other exploitation in any manner in any medium anywhere whether now known or hereafter devised by or under the authority of BET LLC.

"Unknown Claims" means any Released Claims that any Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons that, if known by him, her or it, might have affected his, her or its decision whether to object to this settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, each of the Plaintiffs and Class Members shall be deemed to have, and by operation of the Judgment shall have, waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

Each of the Plaintiffs and Class Members, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, federal law, or principle of common law, that is similar, comparable or equivalent to section 1542 of the California Civil Code.  Each of the Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but each of the Plaintiffs and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is infringing, misappropriating, fraudulent, negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Parties acknowledge that the foregoing waiver was bargained for and is a key element of the settlement of which this release is a part.

*****

The Settlement Agreement does not settle or compromise any Claims other than those set out therein.  All rights of any member of the Classes against any other person or entity other than the Released Parties are specifically reserved by Plaintiffs and the members of the Classes.

### C.   The Plan of Allocation

The Plan of Allocation is set forth in Section 4(b) of the Settlement Agreement and is set forth below.

****

Once the Class Counsel Fee and Expense Award is paid and a reasonable reserve is deducted by the Settlement Administrator to cover any anticipated remaining Administrative Expenses, the remainder of the Settlement Fund shall be allocated pro rata to the "Musical Composition Class Settlement Fund" and the "Sound Recording Class Settlement Fund" based on the total allowed Musical Composition claims and the total allowed Sound Recording claims, respectively. For example, if the total allowed Musical Composition claims represent 500 Musical Compositions and the total allowed Sound Recording claims represent 200 Sound Recordings, the Settlement Fund shall be allocated 5/7 to the Musical Composition Class Settlement Fund and 2/7 to the Sound Recording Class Settlement Fund. For purposes of computing the number of Sound Recordings to be used in making this calculation, where the Sound Recordings for two or more cues of the same Musical Composition have not been specifically identified, all the Sound Recordings for those cues shall be treated as a single Sound Recording, unless it is determined that all the possible Sound Recordings for those cues have already been specifically identified as Sound Recordings for other cues, in which case no account shall be made for an additional Sound Recording. For example, if there were allowed claims for two different sound recording versions of a single Musical Composition, one claim for a 100% share of version 1, and one claim for a 100% share of version 2, each claim would be treated as a 50% share of the Sound Recording, and the total share of the Sound Recording that is the subject of allowed claims would be 100%.

All Administrative Expenses shall be identified by the Settlement Administrator as allocable to the Musical Composition Class only, the Sound Recording Class only, or to both Classes. Administrative Expenses allocable to a particular Class will be offset against that Class's Settlement Fund. Administrative Expenses allocable to both Classes will be divided pro rata based on the total allowed Musical Composition claims and the total allowed Sound Recording claims, unless the Parties agree on a more equitable allocation plan. Any Plaintiff Incentive Award shall be allocated between the Classes as directed by the Court.

Once Settlement Costs allocable to the Musical Composition Class Settlement Fund have been fully deducted, the Settlement Administrator will distribute the Musical Composition Class Settlement Fund, less any reversion to be paid to Defendants, among those Persons with allowed claims in Musical Compositions, according to the percentage that the Person's total respective share of Musical Compositions bears to the total shares of all Persons with claims made in Musical Compositions.

Once Settlement Costs allocable to the Sound Recording Class Settlement Fund have been fully deducted, the Settlement Administrator will distribute the Sound Recording Class Settlement Fund, less any reversion to be paid to Defendants, among those Persons with allowed claims in Sound Recordings, according to the percentage that the Person's total respective share of Sound Recordings bears to the total shares of all Persons with claims made in Sound Recordings.

****

## D.     Defendants' Potential Right To Reversion

Section 4.8 of the Settlement Agreement provides Defendants with limited rights of reversion. Class members are referred to the Settlement Agreement, particularly Section 4 thereof, for the full terms of Defendants reversion rights.

## E.     Defendants' Potential Right To Terminate

Sections 7.5 and 7.6 of the Settlement Agreement provide Defendants with the right (but not the obligation) to terminate the Settlement Agreement if certain conditions are not satisfied.

7

Class members are referred to the Settlement Agreement, particularly Section 7 thereof, for the full terms of Defendants termination rights.

## III.    YOUR OPTIONS

### A.    Remain in the Classes

If you are a member of either Class, you will remain in that Class unless you elect to be excluded.  In order to share in the settlement proceeds you must file a Proof of Claim.  The Proof of Claim deadline is ▉▉; 2011.  As a member of the Classes, your interests will be represented by the representative Plaintiffs and Class Counsel.  However, you may have your own attorney appear on your behalf at your expense.   If you received this Notice by mail, you will automatically be registered to receive future Notice mailings and do not need to take further action at this time.  If you are reviewing this Notice online, or received a copy by some means other than by mail from the Administrator, you must register to receive future Notices and a Proof of Claim, which contain additional important information, including information about when and how to submit a Proof of Claim. If you register you will be mailed a Proof of Claim. You may register online at www.mfclasssettlement.com by completing the Online Registration Form, or by downloading and mailing your completed Registration Form to BET Class Settlement, Settlement Administrator, c/o The Garden City Group, Inc., P.O. Box ▉▉▉, ▉▉▉▉. You may also call the Administrator at 1 866-▉▉-▉▉ to register, or write to the Administrator at the address above.

### B.    Exclude Yourself From The Classes

To exclude yourself from the Sound Recording Class and/or the Musical Composition Class, you must submit a <u>written</u> statement that must clearly state:

(a)  the putative Class Member's name, address and telephone number;

(b)  all trade names or business names that the Class Member has used;

(c) all Musical Compositions and/or Sound Recordings owned or exclusively licensed by the Class Member, all of which shall be subject to the Request for Exclusion, including the title and composers of the Musical Composition, the performing rights organization (or PRO) applicable to the Musical Composition and the title, principal performing artists, record label company, soundtrack (if any), and date of first commercial release of the Sound Recording;

(d) the name of the Action "*The Music Force LLC, et al. v. Black Entertainment Television, LLC, et al.*, 09-cv00376 (GBD) (S.D.N.Y.); and

(e) a signed statement that "I/we hereby request that I/we be excluded from the Sound Recording Class / Musical Composition Class in *The Music Force LLC, et al. v. Black Entertainment Television, LLC, et al.*"

Requests for exclusion from the Settlement must be sent by First-Class mail (preferably certified mail) to Class Counsel, Defendants and the Administrator at the addresses below and must be postmarked no later than ▉▉, 2011:

**Class Counsel**

Jeffrey L. Graubart
Law Offices of Jeffrey L. Graubart, P.C.
350 West Colorado Boulevard, Suite 200
Pasadena, California  91105

Christopher McGrath
Lovell Stewart Halebian Jacobson LLP
61 Broadway, Suite 501
New York, New York, 10006

Joshua G. Graubart
Law Offices of Joshua Graubart, P.C.
237 E. 28th Street, Suite 1D
New York, New York 10016

**Counsel for Defendants**

Richard B. Kendall
Kendall Brill & Klieger LLP
10100 Santa Monica Blvd., Suite 1725
Los Angeles, CA 90067

**Settlement Administrator**

BET Class Settlement,
Settlement Administrator,
c/o The Garden City Group, Inc.,
P.O. Box ____,
Seattle, WA 98111-9263

In order to be excluded from the Classes, you must timely request exclusion in the manner set forth herein even if you have filed or intend to file your own lawsuit against Defendants based on claims that arise out of the conduct at issue in this litigation.

If you exclude yourself from the Classes, you will not be bound by the Settlement Agreement and can independently pursue claims you may have against Defendants at your own expense.  However, if you exclude yourself, you will not be eligible to share in the Settlement Fund.

C.     **Objections**

You may object to the fairness of (i) the Settlement; (ii) the Plan or Allocation; (iii) the amount of attorneys' fees and costs, and/or any other aspect of the this Settlement.  If you decide to object to any matter, you must file such objections with the Court by ____, 2011 and serve such objections on Class Counsel and Counsel for Defendants at the addresses set forth above in Section III.B.

9

## IV.     FEES AND COSTS

To date, the attorneys representing Plaintiffs and the proposed Classes in this Action have not received payment for their services or reimbursement for their expenses.  As noted previously, you are not personally responsible for payment of attorneys' fees or expenses.  As compensation for creating the foregoing common funds (as well as for their professional time and the risks they incurred by prosecuting the litigation on a wholly contingent fee basis), Class Counsel will ask the Court for an award of attorneys' fees—to be deducted from the Settlement Fund—in an amount not to exceed one-third (or 33 1/3%) of the Settlement Fund, plus interest, as well as reimbursement for their expenses in the amount of approximately $[_____] actually incurred in the prosecution of the litigation.

Class Counsel also intends to apply to the Court for an award in the amount of $12,500 for each of the two Plaintiff class representatives for an aggregate amount of $25,000.

## V.     FAIRNESS HEARING AND THE RIGHT TO OBJECT

The Court has scheduled a "Fairness Hearing" for ___, 2011, at ___ to be held at Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, Courtroom 21D.  At the Fairness Hearing the Court will determine if the proposed Settlement and the proposed Plan of Allocation are fair, reasonable, and adequate.  The Court will also consider Class Counsel's request for attorneys' fees and litigation expenses at the Fairness Hearing.

The time and date of the Fairness Hearing may be continued from time to time without further notice and you are advised to confirm the time and location if you wish to attend.  If you do not exclude yourself from the Classes, you are entitled to appear, in person or through duly authorized attorneys, and to show cause why the Settlement Agreement or other applications should or should not be approved as fair, reasonable and adequate.  However, if you wish to appear you must submit a written statement, along with any materials you wish the Court to consider, which must be received by the Court (at the address provided below) no later than ____, 2011, and must be served on Class Counsel and Defendants' Counsel at the addresses set forth in III.D. above by [        ], 2011.

## VI.     CHANGE OF ADDRESS

If this Notice reached you at an address other than the one on the mailing label, or if your address changes, please enter your current information online at www.mfclasssettlement.com, or send it to the Administrator at the address listed below in Section VII.

## VII.     ADMINISTRATOR

More information about the Settlement is available on the official settlement website at www.mfclasssettlement.com.  The website includes an email address you may use to contact the Administrator by email.  You may also contact the Administrator by telephone at 1 866-_____ or write to the Administrator at the following address:

**<u>Settlement Administrator</u>**

BET Class Settlement,
Settlement Administrator,
c/o The Garden City Group, Inc.,
P.O. Box ____,

Seattle, WA 98111-9263

## VIII.   ADDITIONAL INFORMATION

The Settlement Agreement, Complaint, and other documents filed in this Action are online, at www.mfclasssettlement.com and also available for review during normal business hours at the office of the Clerk of Court, United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007-1312.  If you have questions about this Notice, the procedure for registering, or the Settlement Agreement, you may contact any of the Class Counsel listed below in writing at the following addresses:

**Class Counsel**

Jeffrey L. Graubart
Law Offices of Jeffrey L. Graubart, P.C.
350 West Colorado Boulevard, Suite 200
Pasadena, California  91105

Christopher McGrath
Lovell Stewart Halebian Jacobson LLP
61 Broadway, Suite 501
New York, New York, 10006

Joshua G. Graubart
Law Offices of Joshua Graubart, P.C.
237 E. 28th Street, Suite 1D
New York, New York 10016

### DO NOT CONTACT THE JUDGE OR THE CLERK OF COURT

Dated:   , 2011

BY ORDER OF THE COURT

Clerk of Court
United States District Court
  For the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

EXHIBIT C

## NOTICE OF CLASS ACTION SETTLEMENT

**If You Are the Legal Owner of a Sound Recording and/or Musical Composition That Was Transmitted Without License or Authorization by or Under the Authority of BET LLC During the Time Period January 14, 2003 - ____ 2011 Your Rights May Be Affected and You May Be Entitled To A Benefit**

The purpose of this notice is to inform you of a class action settlement in the action *The Music Force LLC, et al. v. Black Entertainment Television LLC, et al.*, 09-cv-00376 (GBD) (S.D.N.Y.) pending in the U.S. District Court for the Southern District of New York.  In order to resolve the claims against them, defendants Black Entertainment Television, LLC and Viacom Inc. have agreed to make a payment of $2,750,000 for the benefit of the Classes.

The Court has scheduled a public Final Approval Hearing on ____, 2011, ____ [a.m. / p.m.] at the Daniel Patrick Moynihan United States Courthouse, Southern District of New York, 500 Pearl Street, New York, New York, 10007-1312 Courtroom 21D.

A copy of the Settlement Agreement, the formal Settlement Notice, Proof of Claim and other important documents are available on the settlement website at www.mfclasssettlement.com.  The settlement website also describes the sound recordings and musical compositions to which this settlement applies.  For additional information, you may also contact the Settlement Administrator (The Garden City Group) at BET Class Settlement, Settlement Administrator, c/o The Garden City Group, Inc., P.O. Box ____, _____ or by calling 1 866-___-_____.

If you are a member of one or both Classes, you may seek to participate in the Settlement by filing a Proof of Claim on or before ____, 2011.  You may obtain a Proof of Claim on the settlement website referenced above.  If you are a member of the Class but do not file a Proof of Claim, you will still be bound by the releases set forth in the Settlement Agreement, and will be deemed to have waived the right to object to the Settlement Agreement in any action or proceeding including an appeal, if the Court enters an order approving the Settlement Agreement.  All objections and requests to be excluded from a Settlement Class must be submitted by ____, 2011 and must be made in accordance with the instructions set forth in the formal Settlement Notice.

EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE MUSIC FORCE LLC, doing business as
THE MUSIC FORCE, also doing business as
FULL FORCE MUSIC, and HENRY MARX
on behalf of themselves and all those similarly
situated,

             Plaintiffs,

    -*against*-

BLACK ENTERTAINMENT TELEVISION
LLC, VIACOM INC. and JOHN DOES 1-10,

        Defendants.

Case No. 09-CV-00376 (GBD)
**ECF CASE**

---

## [PROPOSED] FINAL ORDER AND JUDGMENT

This matter came before the Court for hearing pursuant to the Order of this Court on the

application of the Parties for approval of the settlement set forth in the Stipulation (the

"Stipulation"). Due and adequate notice having been given to the Classes as required in said

Order, and the Court having considered all papers filed and proceedings had herein and

otherwise being fully informed in the premises and good cause appearing therefore,

    **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

    1.    This Judgment incorporates by reference the definitions in the Stipulation, and all

terms used herein shall have the same meanings set forth in the Stipulation.

    2.    This Court has jurisdiction over the subject matter of the Action and over all Class

Members.

    3.    This Court hereby certifies, for purposes of effectuating this settlement only, the

following Musical Composition Class and Sound Recording Class (collectively "Classes"):

        (a)    "Musical Composition Class" or "Musical Composition Class Members"

means all Persons who are current Legal Owners of a musical composition or portion thereof

1

that, without license or authorization, was copied, reproduced, synchronized, displayed, performed, broadcast, telecast, cablecast, syndicated, exhibited, transmitted, disseminated, distributed or otherwise used in connection with or as part of any television series, episode, program, music video, performance, advertisement, promotion, commercial, or other exploitation in any manner in any medium anywhere between January 14, 2003, and ___, 2011, whether now known or hereafter devised by or under the authority of BET LLC.

(b)     The Musical Composition Class shall also include any Persons who currently hold any monetary or royalty interest that derives from an Excluded Person's (defined below) interest as Legal Owner of a musical composition, or portion thereof, referenced in subparagraph (a) above.

(c)     "Sound Recording Class" or "Sound Recording Class Members" means all Persons who are current Legal Owners of a Sound Recording or portion thereof that, without license or authorization, was copied, reproduced, synchronized, displayed, performed, broadcast, telecast, cablecast, syndicated, exhibited, transmitted, disseminated, distributed or otherwise used in connection with or as part of any television series, episode, program, music video, performance, advertisement, promotion, commercial, or other exploitation in any manner in any medium anywhere between January 14, 2003, and ___, 2011, whether now known or hereafter devised by or under the authority of BET LLC.

(d)     Excluded from the Musical Composition and Sound Recording Classes are solely (i) any Persons to the extent their claims as alleged in the Action have already been released and discharged; (ii) any Persons to the extent they submit a timely and valid request to be excluded from the Classes ("Request for Exclusion"); (iii) Defendants, any affiliated or related company or entity, and any entity in which a Defendant or any affiliated or related entity

2

has a controlling interest; and (iv) each of the major record companies (Sony BMG Music

Entertainment; Universal Music Group; EMI Music; Warner Music Group) and major music

publishers (Sony/ATV Music Publishing; BMG Music Publishing; Universal Music Publishing;

EMI Music Publishing; Warner/Chappell Music, Inc.) (collectively, "Excluded Persons").

4.      This Court finds and concludes that:  (a) the Members of each of the Classes are

so numerous that joinder of all Class Members in the litigation is impracticable; (b) there are

questions of law and fact common to each of the Classes that predominate over any individual

questions; (c) the claims of the Class Representatives are typical of the claims of the Class

Members they represent; (d) the Class Representatives and Class Counsel have fairly and

adequately represented and protected the interests of all of the Class Members; and (e) a class

action is superior to other methods for the fair and efficient adjudication of the matter.

5.      This Court hereby approves the settlement set forth in the Stipulation and finds

that said settlement is, in all respects, fair, reasonable, adequate and in the best interests of the

Classes.

6.      Except as to the individual claims of those Persons who have validly and timely

requested exclusion from the Classes (identified on Exhibit 1 hereto), this Court hereby

dismisses the Action and all claims made or that could have been made therein against

Defendants, including without limitation the Released Claims and Unknown Claims, with

prejudice and without fees, expenses and costs.

7.      The Court hereby directs the Parties to perform and satisfy the terms of the

settlement set forth in the Stipulation.

8.      Upon the Effective Date, each of the Plaintiffs shall have, and each of the Musical

Composition Class Members shall be deemed to have, and by operation of the Judgment shall

have, fully, finally, and forever released, relinquished and discharged all Released Claims against all Defendants and the other Released Persons and retroactively authorized, licensed, and consented to any conduct of Defendants and the other Released Persons relating to the Released Claims to the extent such conduct arises from or with respect to the use of any musical composition or portion thereof in connection with or as part of any existing television series, episode, program, music video, performance, advertisement, promotion, commercial, or other exploitation in any manner in any medium anywhere between January 14, 2003, through the later of the date of entry of this Final Order and Judgment and ___, 2011 (*i.e.*, the thirtieth (30th) day after the deadline for submitting a completed "Proof of Claim Form"), whether now known or hereafter devised by or under the authority of BET LLC.

9.      Upon the Effective Date, each of the Plaintiffs shall have, and each of the Sound Recording Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against all Defendants and the other Released Persons and retroactively authorized, licensed, and consented to any conduct of Defendants and the other Released Persons relating to the Released Claims to the extent such conduct arises from or with respect to the use of any sound recording or portion thereof in connection with or as part of any existing television series, episode, program, music video, performance, advertisement, promotion, commercial, or other exploitation in any manner in any medium anywhere between January 14, 2003, through the later of the date of entry of this Final Order and Judgment and ___, 2011 (*i.e.*, the thirtieth (30th) day after the deadline for submitting a completed "Proof of Claim Form"), whether now known or hereafter devised by or under the authority of BET LLC.

4

10.     Plaintiffs and all Class Members are hereby permanently barred and enjoined from asserting, commencing, prosecuting, continuing or appealing, either directly or indirectly, derivatively, individually, representatively or in any other capacity, any of the Released Claims as against any and all Released Persons.

11.     The Notice of Proposed Settlement of Class Action and Summary Notice for Publication given to the Classes were the best notice practicable under the circumstances and said notice fully satisfied the requirements of the Federal Rules of Civil Procedure and standards of due process.

12.     Neither the Stipulation, the settlement contained therein, any proceedings taken hereunder, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any fact alleged, or any Released Claim or defense asserted or that may have been asserted in the Action, or of any wrongdoing or liability of Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce this Stipulation or the settlement provided herein, or the Judgment, except that Defendants may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this settlement; and (b) all Parties and Class Members for the purpose of construing, enforcing and administering the Stipulation.

14.     In the event that the settlement does not become effective in accordance with the terms of the Stipulation, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation and the parties shall be returned to their positions before the execution of the Settlement Agreement.

**IT IS SO ORDERED**.

DATED: _____

_____
HONORABLE GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE MUSIC FORCE LLC, doing business as
THE MUSIC FORCE, also doing business as
FULL FORCE MUSIC, and HENRY MARX
on behalf of themselves and all those similarly
situated,

               Plaintiffs,

    -against-

BLACK ENTERTAINMENT TELEVISION
LLC, VIACOM INC. and JOHN DOES 1-10,

              Defendants.

Case No. 09-CV-00376 (GBD)
**ECF CASE**

## PROOF OF CLAIM FORM

       If you are a member of the Musical Composition Class[1] or the Sound Recording Class (as defined in Section II below), then, in order to be entitled to a distribution, **you <u>must</u> complete, sign, and mail this Proof of Claim and attached Claim Form Song Chart to the Settlement Administrator at the following address by no later than <mark>____</mark>, 2011**:

                     **BET CLASS SETTLEMENT**
                     Settlement Administrator
                     c/o Garden City Group, Inc.
                     P.O. Box ____
                     Seattle, WA  98111-9263

**<u>Do NOT submit your claim to the Court</u>**.

---

[1] Unless otherwise stated, capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement.

## I.      CLAIMANT INFORMATION

1.      Please provide the following information:

Claimant Name:   _____

___ Individual ___ Corporation ___ Estate ___Other (specify) _____

Name of Person Executing Claim:   _____

Capacity of Person Executing Claim:   _____

Claimant Address:   _____

Claimant Daytime Phone Number:   _____

Claimant Social Security or Employer Identification Number:   _____

Claimant E-mail Address:   _____

*(Your email address is not required, but if you provide it you authorize the Administrator to use*

*it in providing you information relevant to your Proof of Claim.)*

2.      Nature of the Claimant's business _____

## II.      GENERAL INSTRUCTIONS

1.      Only members of the Musical Composition Class and Sound Recording Class

may participate in the Settlement.

2.      **Musical Composition Class**.  The Musical Composition Class includes all

Persons who are current Legal Owners of a musical composition or portion thereof that, without

license or authorization, was copied, reproduced, synchronized, displayed, performed, broadcast,

telecast, cablecast, syndicated, exhibited, transmitted, disseminated, distributed or otherwise used

in connection with or as part of any television series, episode, program, music video,

performance, advertisement, promotion, commercial, or other exploitation in any manner in any

medium anywhere between January 14, 2003, and ___, 2011, whether now known or hereafter

2

devised by or under the authority of BET LLC.  The Musical Composition Class shall also include any Persons who currently hold any monetary or royalty interest that derives from an Excluded Person's (defined in subparagraph 4, below) interest as Legal Owner of a musical composition, or portion thereof, referenced in subparagraph (a) above.

3.      **Sound Recording Class**.  The Sound Recording Class includes all Persons who are current Legal Owners of a sound recording or portion thereof that, without license or authorization, was copied, reproduced, synchronized, displayed, performed, broadcast, telecast, cablecast, syndicated, exhibited, transmitted, disseminated, distributed or otherwise used in connection with or as part of any television series, episode, program, music video, performance, advertisement, promotion, commercial, or other exploitation in any manner in any medium anywhere between January 14, 2003, and ____, 2011, whether now known or hereafter devised by or under the authority of BET LLC.

4.      **Excluded Persons**.  Excluded from the Musical Composition and Sound Recording Classes are solely (i) any Persons to the extent their claims as alleged in the Action have already been released and discharged; (ii) any Persons to the extent they submit a timely and valid request to be excluded from the Classes ("Request for Exclusion"); (iii) Defendants, any affiliated or related company or entity, and any entity in which a Defendant or any affiliated or related entity has a controlling interest; and (iv) each of the major record companies (Sony BMG Music Entertainment; Universal Music Group; EMI Music; Warner Music Group) and major music publishers (Sony/ATV Music Publishing; BMG Music Publishing; Universal Music Publishing; EMI Music Publishing; Warner/Chappell Music, Inc.) (collectively, "Excluded Persons").

3

5.      To recover as a member of one or both of the Classes, YOU MUST COMPLETE, SIGN, AND MAIL THIS PROOF OF CLAIM FORM AND ATTACHED CLAIM FORM SONG CHART TO:

**BET CLASS SETTLEMENT**
Settlement Administrator
c/o Garden City Group, Inc.
P.O. Box ____
Seattle, WA  98111-9263

6.      Your completed and signed Proof of Claim Form must be postmarked on or before ____, 2011.

7.      In Section I hereof, the "Claimant" should be identified as the Person who, with respect to each of the musical compositions or sound recordings that are set forth in the accompanying Claim Form Song Chart, is either (a) a current Legal Owner of that musical composition or sound recording; (b) a current holder of any monetary or royalty interest that derives from an Excluded Person's interest as Legal Owner of the musical composition; or (c) the legal representative of the Person described in subparagraph (a) or (b) above and authorized to receive any settlement payment on the Person's behalf.  The term "Person" as used herein includes an individual, corporation, partnership or other entity.

8.      If you administer the rights in a musical composition or sound recording on behalf of a Legal Owner or holder of a monetary or royalty interest in a musical composition and the settlement payment should be made to you, identify yourself as the Claimant in Section I.  If you are submitting a claim as the legal representative of the Legal Owner or holder of a monetary or royalty interest in a musical composition and the settlement payment should be made to the Legal Owner or holder of a monetary or royalty interest, then in Section I fill in the name of the Legal Owner or holder of the monetary or royalty interest as the Claimant and in the certification in Section V state your name, title or capacity to act as the legal representative, and contact

4

information, and sign your name.  Unless otherwise individuated, any settlement payment

pursuant to this Proof of Claim Form shall be made to the Person identified as the Claimant and

shall be sent to the address set forth in Section I hereof.

9.      If you fail to submit a valid and timely Proof of Claim Form pursuant to the

instructions set forth herein, you will be precluded from any recovery from the settlement.

10.     Submission of this Proof of Claim Form, however, does not assure that you will

share in any of the proceeds of the settlement.

11.     If you are not a member of either of the Classes, DO NOT submit a Proof of

Claim Form.

12.     If you are a member of one or both of the Classes and do not timely request

exclusion, you will be bound by the terms of any judgment entered in *The Music Force, et al. v.*

*Black Entertainment Television LLC, et al.*, Case No. 09-CV-00376, **WHETHER OR NOT**

**YOU SUBMIT A PROOF OF CLAIM FORM**.

**III.     CLAIM FORM SONG CHART INSTRUCTIONS**

1.      A database of musical compositions and sound recordings is located on the

Internet at www.mfclasssettlement.com (the "Settlement Website").  You may query this

database to help you to determine if a particular musical composition and/or sound recording has

been identified as having been used by BET during the Class Period.  The Settlement Website

also contains additional guidance and support in completing this Proof of Claim Form and the

Claim Form Song Chart.  The inclusion of a musical composition or sound recording in the

database is no assurance that you ultimately will be determined to be the proper Claimant for that

musical composition or sound recording.  If you believe that you are a Class Member with a

claim for musical composition(s) and/or sound recording(s) that do(es) not appear on the

Settlement Website, please describe on the Claim Form Song Chart any additional information that you have regarding each such musical composition and/or sound recording, including the name and airdate of the BET series and/or episode in which the musical composition or sound recording was used.

2.      To recover as a member of the Classes, you must complete the Claim Form Song Chart attached to this Proof of Claim Form as Exhibit A.  You should NOT submit a claim for a musical composition or sound recording unless you are (a) a current Legal Owner of that musical composition or sound recording, (b) a current holder of any monetary or royalty interest that derives from an Excluded Person's interest as Legal Owner of the musical composition, or (c) the legal representative of the Person described in (a) or (b) above and authorized to submit the claim on the Person's behalf.

3.      To complete Part II of the Claim Form Song Chart, titled "Name of Claimant," you must list your name as Claimant as it appears in Section I hereof.  Please also list your name as Claimant wherever else requested on the Claim Form Song Chart.

4.      To complete Part III of the Claim Form Song Chart, titled "Claimed Musical Compositions," you must:

In Column 1, identify the musical composition(s) for which you are submitting a claim.

In Column 2, identify the composer(s) of each musical composition that you have listed in Column 1;

In Column 3, state your percentage interest as Legal Owner of each musical composition that you have listed in Column 1.  For example, if you are the sole Legal Owner of

6

the copyright in the musical composition, write "100%." If you are a joint Legal Owner of the copyright in the musical composition, state your percentage share of ownership.

In Column 4, insert "Yes" if, to the best of your knowledge, you have previously licensed one of the networks owned and controlled by Black Entertainment Television LLC at any time to reproduce or synchronize the musical composition in connection with or as part of any television series, episode, program, music video, performance, advertisement, promotion, commercial, or other exploitation in any manner in any medium anywhere whether now known or hereafter devised; otherwise, insert "No."

In Column 5, insert the name of any person or entity who administers the musical composition(s) for which you are submitting a claim, if that person or entity is not you.

5.      If in completing Part III of the Claim Form Song Chart you need more space, make as many copies as are necessary of the page of the Claim Form Song Chart titled "Part III – Claimed Musical Compositions (continued)." Number each musical composition you list on these additional pages consecutively, and number each page on which you have listed claimed musical compositions, indicating how many sheets are attached (*e.g.*, "Page 1 of 4"). In the space provided at the bottom of each additional sheet, print or type your name as claimant as it appears in this Proof of Claim Form.

6.      To complete Part IV of the Claim Form Song Chart, titled "Claimed Sound Recordings," you must:

In Column 1, identify the sound recording(s) for which you are submitting a claim.

In Column 2, identify the featured artist(s) for each sound recording that you have listed in Column 1;

7

In Column 3, state your percentage interest as Legal Owner of each sound recording that you have listed in Column 1.  For example, if you are the sole Legal Owner of the copyright in the sound recording, write "100%."  If you are a joint Legal Owner of the copyright in the sound recording, state your percentage share of ownership.

In Column 4, insert "Yes" if, to the best of your knowledge, you have previously licensed one of the networks owned and controlled by Black Entertainment Television LLC at any time to reproduce or synchronize the sound recording in connection with or as part of any television series, episode, program, music video, performance, advertisement, promotion, commercial, or other exploitation in any manner in any medium anywhere whether now known or hereafter devised; otherwise, insert "No."

In Column 5, insert the name of any person or entity who administers the sound recording(s) for which you are submitting a claim, if that person or entity is not you.

7.      If in completing Part IV of the Claim Form Song Chart you need more space, make as many copies as are necessary of the page of the Claim Form Song Chart titled "Part IV – Claimed Sound Recordings (continued)."  Number each sound recording you list on these additional pages consecutively, and number each page on which you have listed claimed sound recordings, indicating how many sheets are attached (*e.g.*, "Page 1 of 4").  In the space provided at the bottom of each additional sheet, print or type your name as Claimant as it appears in this Proof of Claim Form.

## IV.      RELEASES

1.      I hereby (a) acknowledge full and complete satisfaction of, and fully, finally, and forever release, relinquish and discharge, all Released Claims against all Defendants and the other Released Persons and (b) retroactively authorize, license and consent to any conduct of

Defendants and the other Released Persons relating to the Released Claims to the extent such conduct arises from or with respect to the use of any musical composition or sound recording or portion thereof in connection with or as part of any existing television series, episode, program, music video, performance, advertisement, promotion, commercial, or other exploitation in any manner in any medium anywhere whether now known or hereafter devised by or under the authority of BET LLC.

      2.      "Defendants" refers to Black Entertainment Television LLC and Viacom Inc.

      3.      "Released Claims" refers to all claims, causes of action, or liabilities, including, but not limited to, claims for infringement, misappropriation, breach of contract, unfair business practices, or violations of any state or federal statutes, rules, or regulations, and any Unknown Claims as defined in paragraph 1.25 below, that have been, could have been, or could be asserted by the Class Representatives or the Class Members against Defendants and the other Released Persons arising from or with respect to the copying, reproduction, synchronization, display, performance, broadcast, telecast, cablecast, syndication, exhibition, transmission, dissemination, distribution or other use, in any medium anywhere and at any time from January 14, 2003, through the later of the date of entry of the final judgment and the thirtieth (30th) day after the deadline for submitting a completed "Proof of Claim Form," of any musical composition or sound recording, or portion thereof, in connection with or as part of any television series, episode, program, music video, performance, advertisement, promotion, commercial, or other exploitation in any manner in any medium anywhere whether now known or hereafter devised by or under the authority of BET LLC.

      4.      "Released Persons" includes without limitation Defendants and their past or present directors, officers, employees, licensees, distributors, controlling shareholders, members,

principals, agents, representatives, attorneys, accountants, auditors, insurers, predecessors,

successors, assigns, parents, subsidiaries, affiliates and related entities (and the representatives of

such affiliates or related entities), and any other Persons and entities involved in any way in the

copying, reproduction, synchronization, display, broadcast, telecast, cablecast, syndication,

exhibition, transmission, dissemination, distribution or other use, in any medium anywhere and

at any time from January 14, 2003, through the later of the date of entry of the final judgment

and the thirtieth (30th) day after the deadline for submitting a completed "Proof of Claim Form,"

of any musical composition or sound recording, or portion thereof, in connection with or as part

of any television series, episode, program, music video, performance, advertisement, promotion,

commercial, or other exploitation in any manner in any medium anywhere whether now known

or hereafter devised by or under the authority of BET LLC.

5.      "Unknown Claims" means any Released Claims that any Plaintiff or Class

Member does not know or suspect to exist in his, her or its favor at the time of the release of the

Released Persons that, if known by him, her or it, might have affected his, her or its decision

whether to object to this settlement.  With respect to any and all Released Claims, the Parties

stipulate and agree that, upon the Effective Date, each of the Plaintiffs and Class Members shall

be deemed to have, and by operation of the Judgment shall have, waived and relinquished, to the

fullest extent permitted by law, the provisions, rights, and benefits of section 1542 of the

California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
> TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING
> THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE
> MATERIALLY AFFECTED HIS SETTLEMENT WITH THE
> DEBTOR.

Each of the Plaintiffs and Class Members, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, federal law, or principle of common law, that is similar, comparable or equivalent to section 1542 of the California Civil Code.  Each of the Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but each of the Plaintiffs and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is infringing, misappropriating, fraudulent, negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Parties acknowledge that the foregoing waiver was bargained for and is a key element of the settlement of which this release is a part.

6.      The release described above shall be of no force or effect unless and until the Court approves the settlement set forth in the Stipulation of Settlement and the settlement becomes effective on the Effective Date.

## V.      CERTIFICATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury as follows:

1.      With respect to each of the musical compositions and/or sound recordings for which I have made a claim herein, I am (a) a current Legal Owner of that sound recording or

11

musical composition; (b) the current holder of any monetary or royalty interest that derives from an Excluded Person's interest as Legal Owner for a musical composition, or portion thereof; or (c) the legal representative of a Person in (a) or (b) and authorized to receive any settlement payment on the Person's behalf.

2.      With respect to each of the musical compositions and/or sound recordings for which I have made a claim herein and of which I am a current Legal Owner or the legal representative thereof, I have the complete right and authority to provide the Releases, authorizations and licenses that are set forth in Section IV above, and have provided any notice required to be given to interested parties, obtained all required consents, and performed all other acts that are necessary to give effect to said releases, authorizations and licenses.

3.      I agree to the terms of the Settlement as set forth in the Stipulation of Settlement, including the covenant not to sue and Releases described in Section IV above, and acknowledge that I am bound by and subject to the terms of any order or judgment that may be entered in the Action, including the Final Approval Order and Judgment.

4.      I consent to the jurisdiction of the Court with respect to my claim in this Settlement and for purposes of enforcing the terms of the Stipulation of Settlement or any order or judgment of the Court, and agree to furnish additional information to support this claim and assist in administration of the settlement if requested to do so.

4.      I will comply with any obligations that require me to distribute my recovery in the Settlement, or any portion thereof, to Persons with a royalty or other monetary interest in such recovery.

5.      All of the information supplied in this Proof of Claim Form and the accompanying Claim Form Song Chart(s) is true, correct and complete.

**I declare and affirm under penalties of perjury that the foregoing statements and the documents and information I provided in this Proof of Claim and Claim Form Song Chart(s), are true, correct and complete.**

This Proof of Claim Form was executed this _____ day of _____ 20_____ in _____ (City), _____(State), _____ (Province), _____(Country).

_____
Sign Your Name Here

_____
(If signing on behalf of the Claimant, identify Claimant here)

_____
Type or Print Your Name Here

_____
(If signing on behalf of the Claimant, identify your title or capacity, Company, Address and Telephone Number)

_____
Company

_____
Address

_____
Telephone Number

13

Exhibit A
**Claim Form Song Chart**

\*\*To recover as a member of the Classes, you must complete this Claim Form Song Chart and submit it along with a completed Proof of Claim Form to the Administrator at the address listed in ¶2 of the Proof of Claim Form, so that it is postmarked no later than _____.

Part I: BET Class Settlement – Case No. CV-09-00376 (GBD)

Part II: Name of Claimant: _____

Part III:                          Claimed Musical Compositions

| Title of Musical Composition(s) | Name of Composer(s) | % Interest as Legal Owner of Each Musical Composition | Previously Licensed BET Networks (Y/N) | Name Person(s) Who Administer(s) Musical Compositions For Which You Are Submitting A Claim |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

Part IV:                          Claimed Sound Recordings

| Title of Sound Recording(s) | Featured Artist(s) | % Interest as Legal Owner of Each Sound Recording | Previously Licensed BET Networks (Y/N) | Name Person(s) Who Administer(s) Sound Recordings For Which You Are Submitting A Claim |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

14

Claimed Musical Compositions (Continued)

| Title of Musical Composition(s) | Name of Composer(s) | % Interest as Legal Owner of Each Musical Composition | Previously Licensed BET Networks (Y/N) | Name Person(s) Who Administer(s) Musical Compositions For Which You Are Submitting A Claim |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Claimed Sound Recordings (Continued)

| Title of Sound Recording(s) | Featured Artist(s) | % Interest as Legal Owner of Each Sound Recording | Previously Licensed BET Networks (Y/N) | Name Person(s) Who Administer(s) Sound Recordings For Which You Are Submitting A Claim |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Name of Claimant: _____

If you need more space of additional Musical Compositions and/or Sound Recordings, make as many copies of this page as necessary.  If you have additional information to provide regarding the Musical Composition(s) and/or Sound Recording(s) for which you are making a claim, please provide such information on separate 8.5 by 11 page(s).

Please number the pages indicating how many pages are attached (for example, Page 1 of 3, Page 2 of 3, etc.) in the space provided at the bottom of this page.

Page ____ of ____

15