UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE MUSIC FORCE LLC, doing business as
THE MUSIC FORCE, also doing business as
FULL FORCE MUSIC, and HENRY MARX
on behalf of themselves and all those similarly
situated,

          Plaintiffs,

     *-against-*

BLACK ENTERTAINMENT TELEVISION
LLC, VIACOM INC. and JOHN DOES 1-10,

          Defendants.

Case No. 09-CV-00376 (GBD)

**ECF CASE**

---

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' AND CLASS COUNSEL'S MOTION
FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND
CLASS REPRESENTATIVE INCENTIVE AWARDS**

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1

I.     CLASS COUNSEL'S EFFORTS RESULTED IN THE CREATION OF
A $2,750,000 COMMON FUND FOR THE BENEFIT OF THE SETTLEMENT
CLASSES ................................................................................................................... 2

II.    ARGUMENT .............................................................................................................. 3

    A.    The Established Methods of Determining The Amount of Attorneys'
Fees In Common Fund Cases ......................................................................... 3

          1.    The Percentage of The Fund Method ................................................ 3

          2.    The Lodestar Method ......................................................................... 4

    B.    The Requested Fee Is Fair and Reasonable Based On All Six "*Goldberger*"
Factors .......................................................................................................... 4

          1.    "The Time And Labor Expended By Counsel" ................................ 5

          2.    "The Magnitude And Complexities Of The Litigation" ................... 5

          3.    "The Risk Of The Litigation…" ...................................................... 6

                a.    Risk of Non-Payment ........................................................... 6

                b.    Risks of Certifying the Settlement Classes .......................... 6

                c.    Risks of Establishing Liability ............................................. 6

          4.    "The Quality Of Representation" ..................................................... 7

          5.    "The Requested Fee In Relation To The Settlement" ...................... 7

          6.    "Public Policy Considerations" ........................................................ 8

    C.    The Requested Fee Is Fair and Reasonable Under A Percentage of the Fund
Analysis ........................................................................................................ 9

    D.    The Requested Fee is Fair and Reasonable Under The Lodestar "Cross Check"
And The Lodestar Method Generally .......................................................... 10

i

     1.    The Requested Fee is Also Reasonable Under the Lodestar "Cross Check" ........................................................................ 10

     2.    The Requested Lodestar Multiplier of 1.95 Is Well Below Lodestar Multipliers Deemed To Be Fair and Reasonable In This Circuit ............. 11

          a.    Class Counsel's Hours Are Reasonable ........................................ 12

          b.    Class Counsel's Hourly Rates are Reasonable ............................ 12

III.    THE REQUESTED REIMBURSEMENT OF EXPENSES IS REASONABLE AND SHOULD BE APPROVED ................................................................... 13

IV.    THE REQUESTED INCENTIVE AWARDS FOR THE TWO CLASS REPRESENTATIVE PLAINTIFFS ARE FAIR AND REASONABLE ........................ 14

CONCLUSION ................................................................................................. 14

# TABLE OF AUTHORITIES

## Cases

*Arakis Energy Corp. Sec. Litig.*, 2001 WL 1590512 (E.D.N.Y. Oct. 31 2001) .......................... 13

*Berrios v. Sprint Corp.,* 97-0081, 1998 WL 1749828 (S.D.N.Y. Sept. 11, 1998)....................... 14

*Blum v. Stenson*, 465 U.S. 886 (1984) ..................................................................................... 12

*Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980).......................................................................... 3

*Cohen v. Apache Corp.*, No. 89 Civ. 0076, 1993 WL 126560 (S.D.N.Y. Apr. 21, 1993) ............. 8

*Dubin v. E.F. Hutton & Co.,* 878 F. Supp. 616 (S.D.N.Y. 1995) ................................................. 8

*Frank v. Eastman Kodak*, 228 F.R.D. 174 (W.D.N.Y. 2005)........................................................ 8

*Goldberger v. Integrated Resources, Inc.*, 209 F.3d 46 (2nd Cir. 2000) ............................ 3, 5, 6, 7

*Green v. Emersons, Ltd.,* No. 76 Civ. 2178, 1987 WL 11558 (S.D.N.Y. May 20, 1987)............. 8

*Hicks v. Morgan Stanley*, 2005 WL 2757792 (S.D.N.Y. Oct. 24, 2005) ....................................... 8

*In re Baesa Sec. Litig.*, 96 Civ. 7435 (S.D.N.Y. Oct. 8, 1998)..................................................... 8

*In re Buspirone Patent Litigation*,
    No. 01-MD-1410, slip op. at 41-43 (S.D.N.Y. Apr. 17, 2003)................................................. 10

*In re Crazy Eddie Sec. Litig.,* 824 F. Supp. 320 (E.D.N.Y. 1993)................................................. 8

*In re Franklin Nat'l Bank Sec. Litig.,*
    [1980 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶97,571 at 97,988 (E.D.N.Y. June 24, 1980) 8

*In re Lloyd's Am-Trust Fund Litig.*, 2002 U.S. Dist. LEXIS (S.D.N.Y. 2005) ........................... 11

*In re Medical X-Ray Film Antitrust Litig.*, CF 1998 WL 6615151 (E.D.N.Y. 1998).................... 8

*In re Merrill Lynch Tyco Research Sec. Litig.*, 249 F.R.D. 124 (S.D.N.Y. 2008) ........................ 7

*In re MTC Elec. Techs. Shareholder Litig.*,
    Master File No. 93-CV-0876, MDL No. 1059 (E.D.N.Y. Oct. 16, 1998)................................. 8
*In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465 (S.D.N.Y. 1998)................. 4, 10

*In re PaineWebber Sec. Litig.,* Civ. A. No. B-85-617 (D. Conn. Sept. 8, 1994)........................... 8

*In re Porta Sys. Corp. Sec. Litig.,* Master File No. 93 Civ. 1453 (E.D.N.Y. June 18, 1996) ......... 8

*In re Presidential Life Sec.,* 857 F. Supp. 331 ( S.D.N.Y. 1994) .................................................... 8

*In re Prudential Securities, Inc. Ltd. Partnerships Litig.,*
    912 F.Supp. 97 (S.D.N.Y. 1996) ..................................................................................... 8, 12

*In re RJR Nabisco, Inc. Sec. Litig,* No. 88 Civ. 7905(MBM),
    1992 WL 210138 (S.D.N.Y. Aug.24, 1992) ......................................................................... 11

*In re Sumitomo Copper Litig.,* 74 F.Supp. 2d 393, 397 (S.D.N.Y. 1999) ................................. 4, 10

*In re Union Carbide Corp. Consumer Prod. Business Sec. Litig.,*
    724 F. Supp. 160 (S.D.N.Y. 1989) ......................................................................................... 9

*Lemmer v. Golden Books Family Entm't, Inc.,* No. 98 Civ. 5748 (S.D.N.Y. Oct. 12, 1999) ......... 8

*Maley v. Del Global Technologies Corp.,*
    186 F. Supp. 2d 358, 369 (S.D.N.Y. 2002) .................................................... 7, 8, 9, 10

*Masters v. Wilhelmina Model Agency, Inc.,* 473 F.3d 4223 (2d Cir. 2007) ........................... 10, 11

*Maywalt v. Parker & Parsley Petroleum Co.,* 963 F. Supp. 310 (S.D.N.Y. 1997) ....................... 8

*McDaniel v. County of Schenectady,* 595 F.3d 411 (2d Cir.2010) .................................................. 4

*Michaels v. Ambassador Group, Inc.,* CV 84-2455 (E.D.N.Y. June 3, 1996) ............................... 8

*Missouri v. Jenkins,* 491 U.S. 274 (1984) .................................................................................... 12

*New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136 (2d Cir. 1983) ........ 12

*Rabin v. Concord Assets Group, Inc.,* No. 89 Civ. 6130(LBS),
    1991 WL 275757 (S.D.N.Y. Dec.19, 1991) ......................................................................... 11

*Roberts v. Texaco. Inc.,* 979 F.Supp. 185 (S.D.N.Y.1997) ........................................................... 11

*Spann v. AOL Time Warner,* 02 Civ. 8238 (DLC),
    2005 WL 1330937 (S.D.N.Y. Jan. 7, 2005) .......................................................................... 8

*Steiner, et. al. v. ABC, Inc., et al.,* Case No. CV-00-5798 (FMC) (C.D. Cal.) ........................... 14

*The Music Force LLC, et al. v. Viacom, Inc. et al.,* Case No. CV04-8239 (ER) (C.D. Cal.) ....... 14

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 121 (2d Cir 2005) ................. 3, 4, 10, 11

## PRELIMINARY STATEMENT

Plaintiffs[1] and Class Counsel[2] respectfully submit this memorandum in support of their motion for (1) an award of attorneys' fees; (2) reimbursement of expenses reasonably incurred in the prosecution of this action; and (3) compensation to the two Class representative Plaintiffs for their time expended to further the prosecution of this action.

Specifically, Class Counsel requests an award of attorneys' fees in the amount of one-third of the $2,750,000 common fund (plus interest). See pp. 8, fn. 8 *infra* (collecting numerous cases in this Circuit that have found one-third fees in common fund cases to be fair and reasonable).

Similarly, Class Counsel also requests the reimbursement of reasonable expenses incurred in the prosecution of this action in an aggregate amount of $20,159.60. See III *infra*. More than 75% of these expenses consisted of payments for mediation related expenses. *Id*.

Finally, a request is made for reimbursement and compensation to each of the two Class representative Plaintiffs in the amount of $12,500 for the time and expense that they devoted to further the prosecution of the claims herein on behalf of all the members of the Settlement Classes. See IV *infra*. The two Class representative Plaintiffs aided the investigation and preparation of the complaint and amended complaints, aided in the settlement and mediation process, and otherwise assisted Class Counsel in analyzing the claims, defenses and issues in this action. *Id*.

---

[1] "Plaintiffs" refers to The Music Force LLC, d/b/a The Music Force, also d/b/a Full Force Music and Henry Marx.  Plaintiffs were appointed by the Court as Class Representatives.  See Docket No. 48 at ¶3.

[2] "Class Counsel" refers to the following firms appointed by the Court as counsel for the Settlement Classes:  Lovell Stewart Halebian Jacobson LLP, Law Offices of Jeffrey L. Graubart, P.C., and Law Offices of Joshua Graubart, P.C.  See Docket No. 48 at ¶2.

Notice of each of the foregoing requests was provided to members of the Settlement Classes. The deadline for objections to the Settlement is July 1, 2011. As of the filing of this motion, Plaintiffs are unaware of any objections to the foregoing requests having been filed with the Court.[3] In the event that timely objections are filed, Class Counsel will respond to such objections in a reply brief prior to the July 21, 2011 fairness hearing.

This motion is being made pursuant to and in accordance with the Court's March 22, 2011 Amended Order Preliminary Approving Settlement, Provisionally Certifying Classes and Providing For Notice To Classes ("March 22, 2011 Order") [Docket No. 48] and the terms of the Stipulation and Agreement of Settlement [Docket No. 43, Exhibit 1].[4] This motion is further based upon Plaintiffs' Memorandum In Support of Motion For Final Approval of Class Action Settlement, the declaration of Christopher M. McGrath, Esq. ("McGrath Declaration"), the declarations of Class Counsel attached as exhibits to the McGrath Declaration and the other documents, pleadings and matters of record in this action.

## I.    CLASS COUNSEL'S EFFORTS RESULTED IN THE CREATION OF A $2,750,000 COMMON FUND FOR THE BENEFIT OF THE SETTLEMENT CLASSES

After more than two years of vigorous settlement negotiations, extensive review of the documents and data that underlie this litigation and several mediation sessions, Class Counsel's efforts herein resulted in the creation of a $2,750,000 common fund for the benefit of the Settlement Classes.[5] Settlement Agreement ¶4.1. Defendants have further agreed that Plaintiffs

---

[3] As detailed at pp. 10-11 of Plaintiffs' memorandum of law in support of their motion for final approval of the Settlement filed concurrently herewith, the Settlement Administrator received an e-mail "objection" from one Class member relating to the claims administration process.

[4] Capitalized terms used herein are defined in the Stipulation and Agreement of Settlement. See Docket No.43, Exhibit 1.

[5] The pertinent background facts of this action, including the allegations of Plaintiffs' Complaint, the procedural history herein and a summary of the material terms of the Settlement, were set

and members of the Classes shall enjoy most favored nation status with respect to the

consideration provided under the Settlement Agreement and in the manner and subject to the

limitations provided therein. *Id*. ¶4.9.

## II.   ARGUMENT

The Supreme Court has recognized that "…a lawyer who recovers a common fund for the

benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from

the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); see also *Goldberger*

*v. Integrated Resources, Inc.*, 209 F.3d 46, 47 (2nd Cir. 2000) ("*Goldberger*")

(the common fund doctrine "prevents unjust enrichment of those benefiting from a lawsuit

without contributing to its cost").

Class Counsel is requesting a fee in the amount of one-third of the common fund.[6] As set

forth in detail below, the requested fee is thoroughly supported by each of the six "*Goldberger*"

factors (see I.B. *infra*) and is fair and reasonable under both the favored "percentage of the fund"

method and the less favored "lodestar" method used by district courts in the Second Circuit to

award attorneys' fees in common fund cases. See I.C. and I.D. *infra*.

### A.   The Established Methods of Determining The Amount of Attorneys' Fees In Common Fund Cases

In the Second Circuit, district courts may award attorneys' fees in common fund cases

under either the "percentage of the fund" method or the "lodestar" method. *Goldberger,* 209

F.3d at 50.

---

forth in Plaintiffs' Memorandum In Support of Motion For Preliminary Approval of Class
Action Settlement filed with the Court on January 26, 2011.  See Docket No. 42 at pp. 3-8.
[6] Class Counsel reserves their right to make a separate request for fees and expenses relating to
their work in connection with the administration of the Settlement Fund.  After the settlement
administration process has been completed, Class Counsel will determine whether to make a
separate application for all or a portion of their professional services rendered in connection with
the settlement administration process.

### 1.     The Percentage of The Fund Method

The favored method in the Second Circuit has been the percentage of the fund method. See *e.g., Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005) ("*Wal-Mart*") (noting the trend toward a percentage of the fund approach in determining attorneys' fee awards in common fund cases); see also *McDaniel v. County of Schenectady,* 595 F.3d 411, 417 (2d Cir.2010) (same).   Under the percentage of the fund method, the court awards a fee based on a percentage of the common fund.   *Id.*   The percentage of the fund method is preferred, in part, because of its "…ease of administration, permitting the judge to focus on 'a showing that the fund conferring a benefit on the class resulted from the lawyers' efforts' rather than collateral disputes over billing…"   *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 485 (S.D.N.Y. 1998).   Plaintiffs respectfully submit that the Court should examine the reasonableness of the fee request herein using a percentage of the fund analysis based on the increasing dominance of that approach and its overall efficiency compared to the lodestar method.[7]

### 2.     The Lodestar Method

The less favored method for determining the fairness and reasonableness of the fees requested by counsel in a common fund case is the lodestar method.   See *e.g., In re Sumitomo Copper Litig.*, 74 F.Supp. 2d at 397 ("Courts increasingly have come to recognize the shortcomings of the lodestar/multiplier method…").   Under the lodestar method, the district court reviews the fee petition in order to ascertain the number of hours reasonably billed to the class and then multiplies that figure by an appropriate hourly rate in order to arrive at the

---

[7] "At least eight other circuits—the First, Third, Sixth, Seventh, Ninth, Tenth, Eleventh and District of Columbia Circuits—have affirmatively approved the percentage-of-recovery method as an appropriate method for determining attorneys' fees."   *In re Sumitomo Copper Litig.*, 74 F.Supp. 2d 393, 397 (S.D.N.Y. 1999).

"lodestar." *Wal-Mart,* 396 F.3d at 121. Additionally, the district court may, in its discretion, increase the lodestar based on factors such as the risk of the litigation and the performance of the attorneys. *Id.* This increase in lodestar is often referred to as a lodestar or risk "multiplier."

**B.      The Requested Fee Is Fair and Reasonable Based On All Six "*Goldberger*" Factors**

No matter which method is chosen, the reasonableness of a common fund fee award is governed by the following six "*Goldberger*" factors:

> (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation ...; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations.

*Goldberger*, 290 F.3d at 50. As set forth below, the fees requested in this case are fair and reasonable based on all six *Goldberger* factors.

**1.      "The Time And Labor Expended By Counsel"**

The first factor for determining whether a fee is reasonable is "the time and labor expended by counsel." *Id.* In total, Class Counsel has spent 893.995 hours of attorney and litigation support time prosecuting this action. See McGrath Declaration ¶17. This time has a lodestar value of $470,261.43. *Id.*

As detailed in the McGrath Declaration and Exhibits 2-3 thereto, Class Counsel have expended significant time and effort since December 2009 in order to bring this litigation to a successful resolution. See McGrath Declaration ¶¶6, 17 and Exhibits 2-3. Class Counsel's efforts include, for example:  extensive arm's-length negotiations that ultimately led to the Settlement herein, preparing mediation briefs and presentations, participating in a full day mediation session in Los Angeles, California, participating in follow-up mediation sessions, reviewing and analyzing Defendants' substantial document production (including more than

5,500 pages of documents and twenty-two DVDs containing full-length episodes of certain of BET's television programming), and consulting with an expert and industry participants.  *Id.*

### 2.    "The Magnitude And Complexities Of The Litigation"

The second *Goldberger* factor—the magnitude and complexity of the case—also heavily supports the requested fee award in this case.  *Goldberger*, 209 F.3d at 50.

The magnitude of this case, in terms of both the potential size of the Classes and the potential number of infringements at issue, is significant.  Notice of the Settlement was provided to 5,170 potential members of the Classes across two separate industries (*i.e.*, the sound recording and music publishing industries).  The potential number of infringements spanning over the approximately eight-year Class Period and Defendants' multiple television channels is huge.  Moreover, this action is inherently complex because it involves claims of copyright infringement, a frequently-changing area of the law.  Considering the magnitude and complexity of this case, the requested fee is fair and reasonable.

### 3.    "The Risk Of The Litigation…"

The Second Circuit has identified "…the risk of success as 'perhaps the foremost' factor to be considered in determining…" a reasonable fee award.  *Goldberger*, 209 F.3d at 54.

#### a.    Risk of Non-Payment

Class Counsel diligently and vigorously prosecuted this case for over two years on an entirely contingent fee basis, without receiving a penny of reimbursement.  The risk of non-payment was very real.  Because the fee to be awarded in this matter is entirely contingent, the only certainty was that there would be no fee without a successful result.

#### b.    Risks of Certifying the Settlement Classes

Although the undersigned believe that the Classes herein satisfied all the necessary

prerequisites of Rule 23 and would have been certified, class motions in cases of this magnitude

are heavily contested and would have likely involved expert testimony from both sides.

Accordingly, Plaintiffs bear the risk of class certification and, even if successful, withstanding

interlocutory appeal under Rule 23(f).

**c.      Risks of Establishing Liability**

First, Plaintiffs have the burden to prove the elements of their claims.  Second, Plaintiffs

would have to overcome Defendants' various defenses, including thirty-one separate affirmative

defenses.  A jury trial might well turn on close questions of proof making the outcome of such

trial uncertain for both parties.

Despite the foregoing risks, Class Counsel zealously represented the Settlement Classes

and secured a substantial recovery for their benefit.  The foregoing risks speak to the fairness and

reasonableness of the requested fee.

**4.      "The Quality Of Representation"**

The fourth factor cited by the Second Circuit is the "quality of representation" delivered

by the litigation.  *Goldberge*r, 209 F.3d at 50.  To evaluate this factor, courts in the Second

Circuit have "review[ed] the recovery obtained and the background of the lawyers involved in

the lawsuit."  *In re Merrill Lynch Tyco Research Sec. Litig.*, 249 F.R.D. 124, 141 (S.D.N.Y.

2008).

As described above, the $2,750,000 recovery obtained by Class Counsel herein is

significant.  See I *infra*.  With respect to the background of the lawyers involved, Lovell Stewart

Halebian Jacobson LLP has obtained the largest class action recovery under **three separate**

federal statutes.  See McGrath Declaration Exhibit 1 at p. 1 and www.lshllp.com.  The other

7

Class Counsel herein posses extensive experience in complex copyright infringement actions. See McGrath Declaration Exhibits 2A and 3A (attaching resumes of Class Counsel).

Another consideration for assessing the quality of the services rendered is the quality of the opposing counsel in the case. See *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 358, 373 (S.D.N.Y. 2002). In this action, Defendants are represented by highly experienced counsel at Kendall Brill and Klieger LLP. See Docket No. 28 and www.kbkfirm.com.

### 5.    "The Requested Fee In Relation To The Settlement"

Counsel here request a fee equal to one-third of the common fund. In this Circuit, district courts have frequently awarded attorneys' fees constituting one-third of a common fund. *In re Prudential Securities, Inc. Ltd. Partnerships Litig.*, 912 F.Supp. 97, 103 (S.D.N.Y. 1996) ("[m]any courts have approved and awarded fees in class actions of one-third of the settlement fund in recognition of the substantial services performed by counsel and the risks undertaken.").[8]

---

[8] See also, *e.g.*, *Maywalt v. Parker & Parsley Petroleum Co.*, 963 F. Supp. 310, 313 (S.D.N.Y. 1997) (awarding 33.4% of common fund), *aff'd*, 145 F.3d 513 (2d Cir. 1998); *Frank v. Eastman Kodak*, 228 F.R.D. 174 (W.D.N.Y. 2005) (awarding 40% of common fund); *Hicks v. Morgan Stanley*, 2005 WL 2757792 (S.D.N.Y. Oct. 24, 2005) (awarding 36% of common fund); *Spann v. AOL Time Warner*, 02 Civ. 8238 (DLC), 2005 WL 1330937 (S.D.N.Y. Jan. 7, 2005) (awarding 33.3% of common fund); *Maley v. Del Global Technologies Corp.*, 186 F. Supp. 2d 358, 369 (S.D.N.Y. 2002) (awarding 33.3% of common fund); *Lemmer v. Golden Books Family Entm't, Inc.*, No. 98 Civ. 5748 (S.D.N.Y. Oct. 12, 1999) (awarding fee of one third settlement fund); *In re MTC Elec. Techs. Shareholder Litig.*, Master File No. 93-CV-0876, MDL No. 1059 (E.D.N.Y. Oct. 16, 1998) (awarding 33-1/3% of the settlement amount); *In re Baesa Sec. Litig.*, 96 Civ. 7435 (S.D.N.Y. Oct. 8, 1998) (awarding 33-1/3% of the settlement amount); *In re Medical X-Ray Film Antitrust Litig.*, CF 1998 WL 6615151 (E.D.N.Y. 1998) (awarding one-third of the settlement fund); *In re Porta Sys. Corp. Sec. Litig.*, Master File No 93 Civ. 1453 (E.D.N.Y. June 18, 1996) (awarding one-third of the settlement fund); *Michaels v. Ambassador Group, Inc.*, CV 84-2455 (E.D.N.Y. June 3, 1996) (awarding 35% of the settlement fund); *Dubin v. E.F. Hutton & Co.*, 878 F. Supp. 616 (S.D.N.Y. 1995) (one-third fee award); *In re PaineWebber Sec. Litig.*, Civ. A. No. B-85-617 (D. Conn. Sept. 8, 1994) (fee awarded was one-third of the settlement); *In re Crazy Eddie Sec. Litig.*, 824 F. Supp. 320 (E.D.N.Y. 1993) (33.8% of $42 million settlement fund); *In re Presidential Life Sec.*, 857 F. Supp. 331 ( S.D.N.Y. 1994) (awarding $14.2 million in fees or 33.81% of a $42 million settlement fund); *Cohen v. Apache Corp.*, No. 89 Civ. 0076, 1993 WL 126560 (S.D.N.Y. Apr. 21, 1993) (fee of 33.33%); *Green v. Emersons, Ltd.*, No. 76

In light of the foregoing authority and the substantial benefits that Class Counsel's work has bestowed upon the Settlement Classes, this *Goldberger* factor supports the requested fee.

### 6.   "Public Policy Considerations"

Public policy considerations strongly favor the requested fee award.  The drafters of the United States Constitution recognized the need to protect intellectual property so as to "…promote the Progress of Science and the useful Arts…"  See United States Constitution, Article 1, Section 8.  The Settlement herein furthers this important public policy by protecting the rights of artists and thereby encouraging and stimulating the creativity of such artists for the enrichment of the general public.

Second, the relatively small claims of many of the members of the Settlement Classes here, when taken separately, would not justify the expense of litigation.  In such circumstances, courts in this Circuit have recognized that "[p]rivate attorneys should be encouraged to take the risks required to represent those who would not otherwise be protected from socially undesirable activities..."  *Maley v. Del Global Technologies Corp.,* 186 F. Supp. 2d 358, 374 (S.D.N.Y. 2002).  However, as a practical matter, lawsuits like this one can be maintained only if competent counsel can be obtained to prosecute them.  This will occur if courts award reasonable and adequate compensation for counsel's services where successful results are achieved.  See *In re Union Carbide Corp. Consumer Prod. Business Sec. Litig.*, 724 F. Supp. 160, 169 (S.D.N.Y. 1989) ("[a] large segment of the public might be denied a remedy for violations of the securities laws if contingent fees awarded by the courts did not fairly compensate counsel for the services provided and the risks undertaken.").

---

Civ. 2178, 1987 WL 11558 (S.D.N.Y. May 20, 1987) (awarding fees of 33 1/3% of settlement fund); *In re Franklin Nat'l Bank Sec. Litig.,* [1980 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶97,571 at 97,988 (E.D.N.Y. June 24, 1980) (fee awarded was 34% of settlement).

In sum, all six *Goldberger* factors establish the fairness and reasonableness of the requested fee.

**C.     The Requested Fee Is Fair and Reasonable Under The Percentage of the Fund Analysis**

Under the preferred percentage of the fund method, courts award a fee based on a percentage of the common fund.  See II.A. *infra*.  The requested one-third fee here is amply supported by what has previously been found to be fair and reasonable in numerous other cases in this Circuit.  See fn. 8 *supra*.  Moreover, district courts have awarded one-third fees even in instances where such an award resulted in a significantly higher lodestar multiplier than the 1.95 lodestar multiplier currently present here.  See "D" *infra* (citing cases).

**D.     The Requested Fee is Fair and Reasonable Under The Lodestar "Cross Check" And The Lodestar Method Generally**

**1.     The Requested Fee is Also Reasonable Under the Lodestar "Cross Check"**

Some courts using the percentage of the fund method still use the lodestar method "as a 'cross check' on the reasonableness of the requested percentage."  *Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 4223, 436 (2d Cir. 2007).  Application of the lodestar cross-check here results in a lodestar multiplier of 1.95 (*i.e.*, the one-third requested fee ($916,666.67) divided by the lodestar ($470,261.43) produces a 1.95 multiplier).  As set forth below, a multiplier of 1.95 is well **below** the range of lodestar multipliers awarded in the Second Circuit.

District courts in this Circuit have found one-third fees to be fair and reasonable even where such fee resulted in lodestar multipliers of **more than double** than the requested 1.95 multiplier here.  See *e.g.*, *In re Buspirone Patent Litigation*, No. 01-MD-1410, slip op. at 41-43 (S.D.N.Y. Apr. 17, 2003) (approving one-third fee that resulted in a lodestar multiplier of 8.46;

*Maley v. Del Global Techs. Corp.,* 186 F.Supp.2d 358, 369 (S.D.N.Y. 2002) (approving one-third fee that resulted in a "modest multiplier" of 4.65).

The Second Circuit has previously found that lodestar multipliers as high as 3.5 are fair and reasonable.  See *e.g.*, *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396, F.3d 96, 123 (2d. Cir. 2005) (affirming lodestar multiplier or of 3.5).  In fact, "…multipliers of between 3 and 4.5 have become **common**…" in the Second Circuit.  *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 489 (S.D.N.Y. 1998) (awarding lodestar multiplier of 3.97) and *In re Sumitomo Copper Litig.,* 74 F.Supp.2d 393, 399 (S.D.N.Y.1999) (finding multipliers of 3 to 4.5 to be "common"); see also *In re RJR Nabisco, Inc. Sec. Litig,* No. 88 Civ. 7905(MBM), 1992 WL 210138, at *6-8 (S.D.N.Y. Aug.24, 1992) (awarding multiplier of 6.0); *Roberts v. Texaco. Inc.,* 979 F.Supp. 185, 197 (S.D.N.Y.1997) (awarding multiplier of 5.5); *Rabin v. Concord Assets Group, Inc.,* No. 89 Civ. 6130(LBS), 1991 WL 275757, at *2 (S.D.N.Y. Dec.19, 1991) (awarding multiplier of 4.4).

In fact, the requested risk multiplier of 1.95 here is **below** what has previously been found to be at the "…..**lower end** of the range of multipliers awarded by courts within the Second Circuit…".  *In re Lloyd's Am-Trust Fund Litig*., 2002 U.S. Dist. LEXIS at 79-81 (S.D.N.Y. 2005) (awarding a risk multiplier of 2.09 and finding it to be at the "…lower end of the range of multipliers awarded by courts within the Second Circuit…").

### 2. The Requested Lodestar Multiplier of 1.95 Is Well Below Lodestar Multipliers Deemed To Be Fair and Reasonable In This Circuit

Under the lodestar method, district courts review a fee petition in order to ascertain the number of hours reasonably billed to the class and then multiplies that figure by an appropriate hourly rate.  *Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d at 416.  Courts applying the lodestar method will generally apply a multiplier to the lodestar to take account of the contingent

nature of the fee, the risks of non-payment, the quality of the representation and the result

achieved.  *Wal-Mart,* 396 F.3d at 121.

In the event that the Court applies the lodestar method, Class Counsel respectfully submit

that the current lodestar multiplier of 1.95 is justified for all the reasons set forth in the

discussion of the *Goldberger* factors in "II.B" above.  Again, the 1.95 lodestar multiplier here is

well **below** the range of lodestar multipliers awarded in the Second Circuit.  See II.D.1 *supra*.

As set forth in "a" and "b" below, the number of hours billed by Class Counsel and their

billing rates are reasonable.

### a. Class Counsel's Hours Are Reasonable

The first step under the lodestar method is to determine whether the number of hours

devoted by counsel are reasonable.  *In re Prudential,* 985 F.Supp. at 416.

Here, Class Counsel spent a total 893.995 hours prosecuting this action for the benefit of

the Settlement Classes.  See McGrath Declaration ¶17.  Approximately two-thirds of Class

Counsel's total hours are attributable to two attorneys (*i.e.*, Christopher M. McGrath and Jeffrey

L. Graubart).  See McGrath Declaration ¶¶6, 17.  These two attorneys each had different areas of

expertise and worked together efficiently without duplicating efforts.  Given the magnitude of

the case and its duration, the time Class Counsel spent prosecuting this action on behalf of the

Settlement Classes is more than reasonable.

### b. Class Counsel's Hourly Rates are Reasonable

The second step of the lodestar analysis is the examination of counsel's hourly rate.  *In re

Prudential,* 985 F.Supp. at 416.  The hourly billing rate to be applied is the hourly rate that is

normally charged in the community where the counsel practices, *i.e.*, the "market rate."  *See

Blum v. Stenson*, 465 U.S. 886, 895 (1984).  In addition, the Supreme Court and the Second

Circuit have held that the use of *current* rates is proper since such rates more adequately compensate for inflation and loss of use of funds. *Missouri v. Jenkins*, 491 U.S. 274, 283-84 (1984); *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1153 (2d Cir. 1983).

The current hourly rates of Class Counsel are reflected in the McGrath Declaration and the Exhibits thereto. See McGrath Declaration ¶6, Exhibit 2 ¶7, and Exhibit 3 ¶7. Class Counsel's hourly rates are the competitive market hourly rates in their respective legal communities for cases of this sort and are the same regular current rates charged for their services in non-contingent matters and/or which have been accepted and approved in other complex class action litigation. See also McGrath Declaration ¶9 (summarizing ranges of hourly billing rates at New York law firms referenced in the National Law Journal's 2010 Billing Survey). Class Counsel's hourly rates necessarily reflect the reputation, experience, care, and success records of Class Counsel. No time spent by Class Counsel in the preparation of this fee petition is included as part of their lodestar herein. See McGrath Declaration ¶6.

## III.   THE REQUESTED REIMBURSEMENT OF EXPENSES IS REASONABLE AND SHOULD BE APPROVED

Reimbursement of expenses to counsel whose efforts created a common fund are generally granted "as a matter of course." See *e.g.*, *Arakis Energy Corp. Sec. Litig.*, 2001 WL 1590512 at *17 (E.D.N.Y. Oct. 31 2001) ("Courts in the Second Circuit normally grant expense requests in common fund cases as a matter of course").

From the beginning of the case, Class Counsel was aware that they might not recover any expenses and, at the very least, would not recover anything until the action was successfully resolved. Thus, Class Counsel was motivated to, and did, take significant steps to mitigate

expenses wherever practical without jeopardizing the vigorous and efficient prosecution of the case.

Class Counsel respectfully requests reimbursement of $20,159.60 in expenses reasonably incurred while prosecuting this action.  Class Counsel's expenses are detailed in the McGrath Declaration and the Exhibits thereto.  See McGrath Declaration ¶¶11, 17 and Exhibit 2 at ¶9.

The overwhelming majority (over 75%) of Class Counsel's expenses are for mediation related expenses.  *Id.*  The remaining requested expenses were also reasonably incurred in the prosecution of this action and are detailed and categorized in the McGrath Declaration and the Exhibits thereto.  *Id.*

## IV.   THE REQUESTED INCENTIVE AWARDS FOR THE TWO CLASS REPRESENTATIVE PLAINTIFFS ARE FAIR AND REASONABLE

It is well settled that class representative plaintiffs in successful class actions are entitled to incentive awards so as to "…compensate the named plaintiff for any personal risk incurred . . . or any additional effort expended . . .  for the benefit of the lawsuit." *Berrios v. Sprint Corp.,* 97-0081, 1998 WL 1749828, at *3 (S.D.N.Y. Sept. 11, 1998).

The two Class representative Plaintiffs each respectfully request incentive awards in the amount of $12,500 ($25,000 in the aggregate) to compensate them for their time, expenses, and burdens they have incurred during the two and one-half plus years of preparing for and prosecuting this litigation.

The requested $12,500 incentive award for each named Plaintiff is consistent with at least two prior copyright infringement class action settlements.  See *Steiner, et. al. v. ABC, Inc., et al.*, Case No. CV-00-5798 (FMC) (C.D. Cal.) (approving incentive awards of $12,500 for the class representative plaintiffs in connection with the settlement of a copyright infringement class

action) and *The Music Force LLC, et al. v. Viacom, Inc. et al.*, Case No. CV04-8239 (ER) (C.D. Cal.) (same).

During the course of this litigation, the two Plaintiffs furthered the prosecution of this action on behalf of the Settlement Classes by, among other things, aiding the investigation and preparation of the complaint and amended complaint, consulting in the settlement and mediation process, and otherwise assisting Class Counsel in analyzing the claims, defenses and issues in this action.  See McGrath Declaration ¶¶14-15.

## CONCLUSION

For all the foregoing reasons, Class Counsel's requests for (1) an award of attorneys' fees in the amount of one-third of the $2,750,000 common fund (plus interest); (2) reimbursement of $20,159.60 in expenses reasonably incurred in the prosecution of this action; and (3) incentive awards in the amount of $12,500 for each the two Class representative Plaintiffs should all be granted as reasonable and fair to the Settlement Classes.

Dated:  New York, New York
　　　　June 23, 2011

　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　*/s/ Christopher Lovell*
　　　　　　　　　　　　　　Christopher Lovell (CL-2595)
　　　　　　　　　　　　　　Christopher M. McGrath (CM-4983)
　　　　　　　　　　　　　　**LOVELL STEWART HALEBIAN JACOBSON LLP**
　　　　　　　　　　　　　　61 Broadway, Suite 501
　　　　　　　　　　　　　　New York, New York 10006
　　　　　　　　　　　　　　Telephone:　　(212) 608-1900
　　　　　　　　　　　　　　Facsimile:　　(212) 719-4775

　　　　　　　　　　　　　　*/s/ Jeffrey L. Graubart*
　　　　　　　　　　　　　　Jeffrey L. Graubart (JG-1338)
　　　　　　　　　　　　　　**LAW OFFICES OF JEFFREY L. GRAUBART, P.C.**
　　　　　　　　　　　　　　350 West Colorado Boulevard, Suite 200
　　　　　　　　　　　　　　Pasadena, California 91105-1855
　　　　　　　　　　　　　　Telephone:　　(626) 304-2800

Facsimile:      (626) 304-2807

*/s/ Joshua Graubart*
Joshua Graubart (JG-6791)
**LAW OFFICES OF JOSHUA GRAUBART, P.C.**
6 East 39th Street, 6th Floor
New York, New York 10016
Telephone:     (646) 781-9321
Facsimile:      (646) 224-8088

***Counsel for Plaintiffs & the Settlement Classes***