UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE MUSIC FORCE LLC, doing business as
THE MUSIC FORCE, also doing business as
FULL FORCE MUSIC, and HENRY MARX
on behalf of themselves and all those similarly
situated,

     Plaintiffs,

 -against-

BLACK ENTERTAINMENT TELEVISION
LLC, VIACOM INC. and JOHN DOES 1-10,

     Defendants.



Case No. 09-CV-00376 (GBD)
**ECF CASE**

### [~~PROPOSED~~] FINAL ORDER AND JUDGMENT

  This matter came before the Court for hearing pursuant to the Order of this Court on the application of the Parties for approval of the Settlement set forth in the Stipulation (the "Stipulation"). Due and adequate notice having been given to the Classes as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore,

  **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

  1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

  2. This Court has jurisdiction over the subject matter of the Action and over all Class Members.

  3. This Court hereby certifies, for purposes of effectuating this settlement only, the following Musical Composition Class and Sound Recording Class (collectively "Classes"):

  (a) "Musical Composition Class" or "Musical Composition Class Members" means all Persons who are current Legal Owners of a musical composition or portion thereof that: (i)

1

without license or authorization, was copied, reproduced, synchronized, displayed, performed, broadcast, telecast, cablecast, syndicated, exhibited, transmitted, disseminated, distributed or otherwise used in connection with or as part of any television series, episode, program, music video, performance, advertisement, promotion, commercial, or other exploitation in any manner in any medium anywhere between January 14, 2003 and February 3, 2011 whether now known or hereafter devised by or under the authority of BET LLC; and (ii) is not exclusively administered by an Excluded Person (defined in "(c)" below).

(b)     "Sound Recording Class" or "Sound Recording Class Members" means all Persons who are current Legal Owners of a Sound Recording or portion thereof that: (i) without license or authorization, was copied, reproduced, synchronized, displayed, performed, broadcast, telecast, cablecast, syndicated, exhibited, transmitted, disseminated, distributed or otherwise used in connection with or as part of any television series, episode, program, music video, performance, advertisement, promotion, commercial, or other exploitation in any manner in any medium anywhere between January 14, 2003 and February 3, 2011 whether now known or hereafter devised by or under the authority of BET LLC; and (ii) is not exclusively licensed to an Excluded Person.

(c)     Excluded from the Musical Composition and Sound Recording Classes are solely (i) any Persons to the extent their claims as alleged in the Action have already been released and discharged; (ii) any Persons to the extent they submit a timely and valid request to be excluded from the Classes ("Request for Exclusion"); (iii) Defendants, any affiliated or related company or entity, and any entity in which a Defendant or any affiliated or related entity has a controlling interest; and (iv) each of the major record company groups (Sony BMG Music Entertainment; Universal Music Group; EMI Music; Warner Music Group) and major music publisher groups

(Sony/ATV Music Publishing; BMG Music Publishing; Universal Music Publishing; EMI Music Publishing; Warner/Chappell Music, Inc.) and, on a worldwide basis, all of the corporations, companies, organizations, entities, partnerships and joint ventures included within or comprising such groups (collectively, "Excluded Persons").

4. This Court finds and concludes that: (a) the Members of each of the Classes are so numerous that joinder of all Class Members in the litigation is impracticable; (b) there are questions of law and fact common to each of the Classes that predominate over any individual questions; (c) the claims of the Class Representatives are typical of the claims of the Class Members they represent; (d) the Class Representatives and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action is superior to other methods for the fair and efficient adjudication of the matter.

5. This Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, reasonable, adequate and in the best interests of the Classes.

6. Except as to the individual claims of those Persons who have validly and timely requested exclusion from the Classes (identified in Exhibit 1 hereto), this Court hereby dismisses the Action and all claims made or that could have been made therein against Defendants, including without limitation the Released Claims and Unknown Claims, with prejudice and without fees, expenses and costs.

7. The Court hereby directs the Parties to perform and satisfy the terms of the settlement set forth in the Stipulation.

8. Upon the Effective Date, each of the Plaintiffs shall have, and each of the Musical Composition Class Members shall be deemed to have, and by operation of the Judgment shall

have, fully, finally, and forever released, relinquished and discharged all Released Claims against all Defendants and the other Released Persons and retroactively authorized, licensed, and consented to any conduct of Defendants and the other Released Persons relating to the Released Claims to the extent such conduct arises from or with respect to the use of any musical composition or portion thereof in connection with or as part of any existing television series, episode, program, music video, performance, advertisement, promotion, commercial, or other exploitation in any manner in any medium anywhere between January 14, 2003, through the later of the date of entry of this Final Order and Judgment and November 18, 2011 (*i.e.*, the thirtieth (30th) day after the deadline for submitting a completed "Proof of Claim Form"), whether now known or hereafter devised by or under the authority of BET LLC.

9.      Upon the Effective Date, each of the Plaintiffs shall have, and each of the Sound Recording Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against all Defendants and the other Released Persons and retroactively authorized, licensed, and consented to any conduct of Defendants and the other Released Persons relating to the Released Claims to the extent such conduct arises from or with respect to the use of any sound recording or portion thereof in connection with or as part of any existing television series, episode, program, music video, performance, advertisement, promotion, commercial, or other exploitation in any manner in any medium anywhere between January 14, 2003, through the later of the date of entry of this Final Order and Judgment and November 18, 2011 (*i.e.*, the thirtieth (30th) day after the deadline for submitting a completed "Proof of Claim Form"), whether now known or hereafter devised by or under the authority of BET LLC.

10. Plaintiffs and all Class Members are hereby permanently barred and enjoined from asserting, commencing, prosecuting, continuing or appealing, either directly or indirectly, derivatively, individually, representatively or in any other capacity, any of the Released Claims as against any and all Released Persons.

11. The Notice of Proposed Settlement of Class Action and Summary Notice for Publication given to the Classes were the best notice practicable under the circumstances and said notice fully satisfied the requirements of the Federal Rules of Civil Procedure and standards of due process.

12. Neither the Stipulation, the settlement contained therein, any proceedings taken hereunder, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any fact alleged, or any Released Claim or defense asserted or that may have been asserted in the Action, or of any wrongdoing or liability of Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce this Stipulation or the settlement provided herein, or the Judgment, except that Defendants may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. The Court has reviewed Class Counsel's petition for an award of attorneys' fees, reimbursement of expenses and incentive awards filed on June 23, 2011. The Court determines

that an attorneys' fee award of __33 1/3__% of the Settlement Fund; (b) reimbursement of $__20,159.60__ for expenses reasonably incurred; and (c) incentive awards in the amount of $__12,500__ for each of the two class representative Plaintiffs are all fair to the Settlement Classes, reasonable, and adequate.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this settlement; and (b) all Parties and Class Members for the purpose of construing, enforcing and administering the Stipulation.

15. In the event that the settlement does not become effective in accordance with the terms of the Stipulation, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation and the parties shall be returned to their positions before the execution of the Settlement Agreement.

**IT IS SO ORDERED.**

DATED: __July 26, 2011__

_____
HONORABLE GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

## **EXHIBIT 1**

The following Persons and no others have validly and timely requested exclusion from the Classes:

1. Mr. Herman Kelly & After School Publishing Company;

2. Cally Music; and

3. The Quhar Music; West Far Music; True Music LLC; and Truechelle Music.